22756

Lawrence E. MILLER, Jr., Respondent v. Ruth M. MILLER, Appellant.
(358 S. E. (2d) 710)

Supreme Court

*Robert B. Wallace* and *Paul E. Tinkler*, both of *Wallace and Tinkler*, Charleston, *for appellant.*

*Michael A. Molony*, Charleston, *for respondent.*

Heard Jan. 19, 1987.

Decided July 20, 1987.

NESS, Chief Justice:

Wife appeals an order which identified and distributed marital property and awarded wife child support and alimony. We affirm in part, reverse in part, and remand.

The parties were married for nineteen years and are the parents of three minor children. Husband is a career officer in the United States Navy. He spent a great deal of time during the marriage away from home on sea duty and other assignments. Wife was primarily responsible for raising the children, running the household, and other marital duties.

Prior to and during the marriage, wife received gifts of stock from her father which were titled only in her name. She maintained in her own name a Merrill Lynch account into which she deposited the income from her individually-owned stock. On several occasions, wife sold certain stock, channelled the proceeds through the account, and purchased new stock.

The dividend proceeds were also used to purchase Individual Retirement Accounts, to invest in two businesses in wife's name and occasionally for family purposes; i.e., vacations, purchases, etc.

The trial judge determined stocks given to wife by her father or directly derived from that stock were wife's separate property. He ruled the stocks, IRAs, and business interests purchased with dividends from wife's stock were marital property subject to equitable distribution. Wife asserts this was error.[1] We agree.

---

[1] Notice of appeal was filed in this case prior to the effective date of the Equitable Apportionment of Marital Property Act, S. C. Code Ann. Sections 20-7-471 through 479 (Supp. 1986), and that act is therefore not applicable to this case.

Property that is nonmarital at the time of its acquisition retains its separate identity unless it is transmuted into marital property. *Trimnal v. Trimnal*, 287 S. C. 495, 339 S. E. (2d) 869 (1986). An unearned asset that is derived directly from nonmarital property also remains separate unless transmuted, as does property acquired in exchange for nonmarital property. *See Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984). Absent transmutation, the stocks, IRAs, and business interests purchased with unearned income from wife's nonmarital property constituted nonmarital property which is not subject to equitable distribution.

Wife asserts the trial judge erred in finding the Southern Pacific stock was marital property. The original source of this stock was a bonus check received by husband from the Navy. The stock was titled jointly in husband's and wife's names. Wife testified husband gave her his interest in the Southern Pacific stock to repay a loan made to him from her separate funds. However, the stock certificates were never amended to reflect individual ownership, and the property was listed as a joint asset on the parties' income tax returns throughout the marriage.

The resolution of this issue depends upon the circumstances surrounding the loan and the purpose for which the loan was made. If made under circumstances evidencing a marital purpose, the loaned funds would have been transmuted into marital funds. *See, Trimnal v. Trimnal, supra. See also, Burgess v. Burgess*, 277 S. C. 283, 286 S. E. (2d) 142 (1982) [inter-spousal gifts]. On the other hand, an arms-length transaction between spouses involving separate funds may prevent transmutation from occurring.

In the present case, wife presented no evidence concerning the nature or purpose of the loan. She has therefore not presented sufficient evidence to establish an arms-length transaction between spouses. We conclude the loaned funds were transmuted into marital funds, and the subsequent repayment by husband did not convert the marital stock into non-marital stock.[2]

---

[2] We do not intend to suggest that a loan between spouses from their separate funds *always* results in transmutation. Rather, we believe the

Wife asserts husband should have been required to repay funds he borrowed from the minor children. Wife's father had given each of the children income-producing assets. As custodian of these assets, husband borrowed $6,000.00 to purchase a sports car for himself. At the time of the hearing, husband had not repaid the loan, but testified he planned to do so with interest. The trial judge did not require husband to repay these funds, but stated in his order he had considered this obligation in equitably dividing the marital property. Since the distribution of marital property could not have affected an obligation husband owed to third parties (i.e., the children), the trial judge's attempted resolution of this obligation was ineffectual. Husband shall be required to repay the debt within thirty (30) days of the date of this opinion, with interest of eight and three-quarters (8¾) percent since the date of the loan.

Wife's remaining issues are without merit and are disposed of pursuant to Supreme Court Rule 23. The case is remanded for reallocation of marital property in light of this decision. Neither party shall recover costs or attorney's fees under Supreme Court Rule 38.

Affirmed in part; reversed in part; remanded.

GREGORY, CHANDLER, FINNEY, JJ., and Acting Associate Justice LAWRENCE E. RICHTER, JR., concur.

spouse asserting that property acquired during the marriage is non-marital property bears the burden of establishing its non-marital character.