22864

Gail P. PROSSER, Appellant v. PEE DEE STATE BANK and William C. Barnes, Sheriff of Florence County, Respondents.

(367 S. E. (2d) 698)

Supreme Court

*Steve Wukela, Jr.,* Florence, *for appellant.*

*T. Furman Brodie* of *McGowan, Keller, Eaton, Brodie &*

Stewart, P.A., Florence, *for respondent Pee Dee State Bank.*

*Peter D. Hyman* of *Hyman, Morgan, Brown, Jeffords, Rushton & Hatfield,* Florence, *for respondent William C. Barnes.*

Heard March 9, 1988.

Decided April 25, 1988.

*Per Curiam:*

This is an action to quiet title and enjoin Respondent Pee Dee State Bank (Bank) and the Sheriff of Florence County from executing on real property to enforce a judgment Bank obtained against the former husband of appellant Gail P. Prosser (appellant). The circuit court denied appellant relief, and she appeals. We affirm.

In August 1981, appellant's husband (Husband) executed an unconditional continuing personal guaranty to Bank to enable his business to acquire Bank credit. Bank made loans to Husband's business; the loans were secured by the personal guaranty and the assets of the business. The business defaulted on the loan, and in 1983 Bank obtained and recorded a judgment against Husband on the guaranty. At the time Bank recorded its judgment, Husband held title to two tracts of land: the "home place" and an undeveloped tract. The Court of Appeals affirmed the judgment against Husband. *See Pee Dee State Bank v. National Fiber Corporation,* 287 S. C. 640, 340 S. E. (2d) 569 (Ct. App. 1986).

In 1986, appellant initiated a divorce action. Appellant and Husband were divorced in 1986 by a decree incorporating their property settlement agreement. Husband conveyed the two tracts to appellant pursuant to the property agreement. Appellant brought the action underlying this appeal in October 1986 when Bank attempted to enforce its judgment against Husband by having the sheriff advertise the "home place" for sale. The circuit court ruled that appellant's interest in the property was subordinate to Bank's recorded judgment lien.

Appellant argues that the "vested special equity and ownership right in marital property" she acquired as a spouse under S. C. Code Ann. Section 20-7-471 (Supp. 1987) (Equitable Apportionment of Marital Property Act) takes

priority over Bank's recorded judgment lien. We disagree.

In *Hursey v. Hursey*, 284 S. C. 323, 326 S. E. (2d) 178 (Ct. App. 1985), our Court of Appeals held that a homemaker spouse's "lien" did not attach during marriage. *See also Parrott v. Parrott*, 278 S. C. 60, 292 S. E. (2d) 182 (1982); *Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980); and *Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984). Section 20-7-471 of the Equitable Apportionment Act, enacted one year after *Hursey*, provides that "[d]uring the marriage a spouse shall acquire ... a vested special equity and ownership right in the marital property as defined in § 20-7-473 ...". Appellant reads the phrase "during the marriage" to reflect a legislative intent to overrule *Hursey* and create a non-titled spouse's lien which takes priority over recorded third-party liens. We reject this contention.

The "ownership right" in "marital property" is acquired during marriage. "Marital property" as such does not exist until the date when marital litigation is filed or commenced. S. C. Code Ann. § 20-7-473. The "ownership right" in "marital property," then, cannot attach until that property is created by the filing of marital litigation.

Under the Equitable Apportionment Act, appellant's "ownership right" did not attach until 1986 when she filed the divorce petition. Bank's judgment lien attached when it was recorded three years earlier and is therefore superior. *See* S. C. Code Ann. § 15-35-810 and § 30-7-10 (1977); *See also South Carolina Tax Commission v. Belk*, 266 S. C. 539, 225 S. E. (2d) 177 (1976) (refusal to grant priority to wife as a junior judgment creditor over a prior recorded judgment creditor not a party to divorce settlement).

Appellant's remaining exception is meritless and disposed of under Supreme Court Rule 23. The circuit court's Order allowing Bank to pursue execution is

Affirmed.

HARWELL, Associate Justice, not participating.