1691

Connie HODGE, Respondent-Appellant v. Glenda Ann HODGE, Personal Representative of the Estate of James Hodge, Appellant-Respondent.

(409 S.E. (2d) 436)

Court of Appeals

*James R. Honeycutt,* Fort Mill, *for appellant-respondent.*

*Brooks P. Goldsmith,* of *Goldsmith, Folks & Hodges,* Lancaster, *for respondent-appellant.*

Heard June 4, 1991.

Decided Sept. 9, 1991.

GARDNER, Judge:

This case involves the issue of whether a spouse's vested interest in marital property arising from marital litigation is divested by the death of the litigant's spouse.

Connie Hodge (the wife) brought this action for separate support and maintenance and property division against her husband, James Hodge. The matter was heard, and the marital property was identified and divided. Both parties appealed from the order. The husband died during the appeal. Glenda Hodge, as personal representative of the estate of James Hodge, was substituted as appellant-respondent. We affirm in part, reverse in part and remand.

## ISSUES

The issues of merit are whether: (1) the wife's interest in the marital property was divested by the death of her husband thereby abating the equitable division action,[1] (2) the trial judge erred in the award to the wife of only 30 percent of the marital property, and (3) the trial judge erred in the evaluation of the husband's vested profit sharing retirement plan and trust.

---

[1] We address this issue *sua sponte.*

## FACTS

The only facts pertinent to this appeal are those relating to the equitable division of the marital property. At the time of the separation, the wife was 47 and the husband was 52. They were married July, 10, 1966, and separated in December 1988. The husband was at fault in bringing about the separation. For most of the marriage, the wife, at the insistence of the husband, did not work outside the home. When this action commenced in 1988, she had a job earning approximately $14,000 per year. The appealed order found that the husband had an earning ability of approximately $24,000 per year. The court found during the marriage the parties acquired a marital home worth $43,500.

The husband owned a profit sharing retirement plan. James K. Davis, a certified public accountant, testified on behalf of the wife that the stated value of the husband's retirement account was $91,733.80. There is no testimony of record relating to the value of the plan nor how it would be paid in the event of the husband's death. When the parties separated, the wife has approximately $1,000 in a checking account and $1,000 in a savings account. The husband, on the other hand, had approximately $8,800 in savings and approximately $3,700 in his checking account.

At trial the wife submitted a list of the parties' property and provided for a division of this property. The husband agreed with a vast majority of the items as they were divided by the wife's list. The appealed order concluded that the parties' personal property should be divided in accordance with that list which resulted in each of the parties receiving approximately one-half of the total value of those items of personal property. The court also found that each party owned an automobile of equal value, and that neither party had any assets other than the assets of the marriage.

The court found that due to the length of the marriage, the differences in the incomes of the parties, the needs of the parties and the fault on the part of the husband in causing the dissolution of the marriage, the wife should receive separate support and maintenance in the amount of $200 per month.

The trial judge then by equitable apportionment of the marital property apportioned to the husband the profit sharing plan, his vehicle and his bank accounts and apportioned to the

wife her automobile, her bank accounts, $234 of stock she owned and the marital home. Both parties agree that under this equitable apportion, the husband received about 70 percent of the marital property and the wife 30 percent. Since the case must be reversed and remanded for evaluation of the husband's profit sharing plan, the other factors relating to equitable distribution are not herein set forth.

## DISCUSSION

### I.

We hold that upon the institution or filing of marital litigation, the parties' property acquired during the marriage becomes vested in an estate called marital property in which the parties have a vested interest subject to equitable distribution.[2] We also hold that with respect to the equitable division of marital property, marital litigation is not abated by the death of a spouse. These holdings are based upon the statutory law of South Carolina. The linchpin of our holdings is the legislature's use of the word "vested" in S.C. Code Ann. § 20-7-471 (1976) which provides:

**§ 20-7-471. Acquisition during marriage of special equity and ownership right in marital property.**
During the marriage a spouse shall acquire, based upon the factors set out in § 20-7-472, a *vested* special equity and ownership right in the marital property as defined in § 20-7-473, which equity and ownership right are subject to apportionment between the spouses by the family courts of this State at the time marital litigation is filed or commenced as provided in § 20-7-472.[3] [Emphasis ours.]

S.C. Code Ann. § 20-7-473 (Supp. 1990) provides in pertinent part that the term "marital property" as used in § 20-7-471 means all real and personal property which has been acquired by the parties during the marriage and which is owned as the the date of the filing or commencement of the marital litigation as provided in § 20-7-472; this is true regardless of how legal title was held prior to the commencement of the marital litigation.

---

[2] Marital property is also subject to statutory exemptions, existing defects of title and prior recorded liens and encumbrances of title.

[3] *See Prosser v. Pee Dee State Bank*, 295 S.C. 212, 367 S.E. (2d) 698 (1988).

In accordance with the above, we hold that by the institution of this action for separate maintenance and support and division of the marital property, the wife became vested with an ownership right in the marital property as defined by § 20-7-473. Stated differently, she now has a fixed estate in the marital property which is subject only to apportionment by the family court judge since there does not appear of record any prior recorded lien, encumbrance or outstanding interest in the marital property.

The question remaining is whether upon the death of the husband the equitable division action abated. S.C. Code Ann. § 2-7-420 (Supp. 1990) provides in pertinent part that the Family Court shall have *exclusive* jurisdiction of the settlement of all legal and equitable rights of the parties in the action in and to the real and personal property of the marriage. We hold that this grants the family court exclusive jurisdiction in equitable division of marital property as previously defined. Since we hold that the wife's interest in the marital property was vested and therefore fixed by the institution of marital litigation, we hold that the only court which has jurisdiction to divide the marital estate is the Family Court, subject, of course, to appeal.

Accordingly, we hold that upon the death of the husband, this action did not abate with respect to issues relating to the equitable division of vested marital property.

Although this decision is necessarily based upon the statutory law of South Carolina, our decision comports with the rule applied by the vast majority of the courts of this nation. *See* annotation, *Effect of Death of Party to Divorce Proceeding Pending Appeal* or *Time Allowed for Appeal*, 33 A.L.R. 4th (1984). *See also* 24 Am. Jur. (2d) *Divorce and Separation* § 176-77 (1983)

For the above reasons, we hold that the equitable division of marital property portion of this action was not abated by the death of the husband.

## II.

We agree with the wife's contention that the trial judge granted to her an inequitable percentage of the marital estate. This is especially true now that the action for alimony has abated by reason of the husband's death.

The wife sacrificed the major part of her career building years so that she could stay home as a homemaker. The record reflects that she was attentive to her responsibilities as a wife and as a substitute mother for the husband's children by a previous marriage. In view of the wife's age and the existence of a rather substantial vested retirement benefit which is marital property, we hold that the wife is entitled to a percentage of the husband's retirement plan which, when added to the value of the marital home, will accord her a 50 percent interest in the marital estate.

## III.

We reject the husband's contention that a portion of the profit sharing and retirement plan was not marital property. The husband offered no evidence as to the value of his retirement plan on the day of the marriage nor did he contend in the trial of this case that a portion of the profit sharing and retirement plan was acquired two years prior to the marriage. A spouse who wishes to claim that certain property is not a part of the marital estate has the burden of presenting witnesses or evidence to establish its non-marital character and also to give the trial court an opportunity to decide the issue. *Miller v. Miller*, 293 S.C. 69, 358 S.E. (2d) 710 (1987).

There is, however, a question as to the value of the husband's profit sharing and retirement plan upon the death of the husband. We remand the case for purposes of determining the value of the husband's profit sharing and retirement plan upon his death in order that a part of it might be apportioned to the wife so that her apportioned share of the marital property is 50 percent of the total value of the marital property.

## CONCLUSION

For the reasons given we hold that with reference to the marital estate and its equitable division, this action was not abated by the death of the husband, that the preponderance of the evidence establishes that the trial judge erred in the division of the marital property and order that 50 percent of the marital property be apportioned to the wife in the manner directed and that there is no merit to the husband's contention that part of the husband's profit sharing retirement plan was

his separate property. We, accordingly, affirm in part, reverse in part and remand for the sole purposes herein directed.

Affirmed in part, reversed in part and remanded.

SHAW and BELL, JJ., concur.