THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Angela C. Linder,       
Respondent,
 
 
 

v.

 
 
 
Harris M. Linder,       
Appellant.
 
 
 

Appeal From Aiken County
C. David Sawyer, Jr., Family Court 
 Judge

Unpublished Opinion No. 2004-UP-239
Submitted March 8, 2004  Filed April 
 12, 2004

AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

 
 
 
Gregory P. Harlow, of Aiken, for Appellant.
Sylvia W. Westerdahl, of Aiken, for Respondent.
 
 
 

PER CURIAM:  This is a divorce action between 
 Harris M. Linder and Angela C. Linder.  Husband appeals the family courts order, 
 alleging the court erred in refusing to apportion personal property, in requiring 
 Husband to pay a portion of Wifes non-marital debt, in considering Wifes motion 
 to alter or amend, and in failing to include Wifes pension in the apportionment 
 of marital property.  We affirm in part, reverse in part, and remand. 
 [1] 
BACKGROUND
Husband and Wife married in 1986 and separated 
 in 2001.  In its final order, filed on March 18, 2002, the family court granted 
 a divorce on the ground of one-year continuous separation and awarded Wife the 
 marital home and Husband a motorcycle.  The court also found $16,400 in unsecured 
 marital debt and apportioned the debt according to income, ordering Husband 
 to pay 39% of the marital debt and Wife to pay 61%.  However, the family court 
 refused to apportion the personal property and referred the parties to magistrates 
 court to divide the property.  
Husband timely filed a motion to alter 
 or amend the judgment.  He requested the court divide the personal property, 
 exclude from the equitable distribution a portion of the debt he believed Wife 
 incurred post-separation, and include Wifes pension in the property division.  
 Wife filed a motion to alter or amend on April 8, 2002.  Husband moved to dismiss 
 the motion, alleging it was not timely.  The court allowed Wife to proceed with 
 her motion.  The court denied Husbands motion and granted Wifes motion, declaring, 
 among other things, that Husband had no interest in Wifes pension plan.  Husband 
 appeals.  
STANDARD OF REVIEW
In appeals from the family court, this court has 
 the authority to find facts in accordance with our own view of the preponderance 
 of the evidence.  Greene v. Greene, 351 S.C. 329, 335, 569 S.E.2d 393, 
 397 (Ct. App. 2002).  This broad scope of review does not require us to disregard 
 the findings of the family court.  Id.  Neither are we required to ignore 
 the fact that the family court judge, who saw and heard the witnesses, was in 
 a better position to evaluate their credibility and assign comparative weight 
 to their testimony.  Id.
LAW/ANALYSIS
 I.                  
 Family Courts Refusal to Apportion Personal Property
At the final hearing, Husband and Wife presented 
 the court with lists of personal property.  Husbands list provided a value 
 for virtually every item of personal property.  Wifes list, however, did not 
 contain values for most items.  Both Husband and Wife argue the family court 
 erred by refusing to apportion personal property and, instead referring the 
 parties to magistrates court.  We agree and remand for resolution of  this 
 issue. 
The family court has exclusive jurisdiction 
 over a divorce and the settlement of all legal and equitable rights of the parties 
 in and to the real and personal property of the marriage.  S.C. Code Ann. § 
 20-7-420(2) (Supp. 2003).  Because the family court has exclusive jurisdiction 
 over this issue, the magistrates court is without jurisdiction and, therefore, 
 the family courts order left the parties without a remedy for dividing the 
 personal property.  The family court clearly erred when it found it had no 
 way to value and divide the personal property and referred the parties to magistrates 
 court for a division of the property.  Based on the above, we remand this issue 
 to the family court for further proceedings to apportion the personal property.
 II.               
 Wifes Post-Separation Debt
Wife obtained a loan from Beneficial Finance in 
 March 1999, nearly two years prior to the parties separation.  Wife testified 
 she incurred an additional $5,300 on the Beneficial loan after the parties separated, 
 increasing the total due on that debt to $13,349.  Husband claims the family 
 court required him to pay 39% of this post-separation debt.  We disagree and 
 find the family court judge ordered Husband to pay 39% of the marital 
 debt, only.  
The family court found the total marital 
 debt to be $16,400.  Although the record does not show the exact calculation 
 the court used to arrive at this figure, based on the total amount he found 
 it appears the court determined the marital debt on the Beneficial loan to be 
 $8,000, which is consistent with Wifes records and testimony ($13,349-$5,300=$8,049).  
 When this figure is added to the sum Husband claimed was marital unsecured debt 
 on various charge cards$8,400the marital debt totals $16,400.  Based on the 
 records and testimony before us, we agree this is a correct total of the marital 
 debt.  In apportioning this debt, the court ordered Husband to pay $3,700 to 
 Lowes, $1,700 to Sears, and $996 to Visa, for a total of $6,396, which is 39% 
 of the $16,400 marital debt.  We do not discern an abuse of discretion by the 
 family court judge in requiring Husband to pay the amount ordered.  
 III.           Wifes Rule 
 59(e), SCRCP Motion
Husband claims the family court erred in allowing 
 Wifes Rule 59(e), SCRCP motion because it was not timely filed.  We disagree.
Although the family court believed Wifes 
 motion was not timely filed, he determined the record failed to sustain such 
 a finding because it did not show when the order was served on Wifes attorney.  
 Therefore, the court heard Wifes motion.  
 Being mindful of our standard of review 
 in this case, we do not disregard the findings of the family court on this issue.  
 Greene, 351 S.C. at 335, 569 S.E.2d at 397.  We find no error in allowing 
 Wifes motion.  This was a factual determination the court was free to make. 

 IV.            Wifes 
 Pension
Husband argues the family court erred in failing 
 to include Wifes pension in the apportionment.  We agree.
A spouse who wishes to claim that certain property 
 is not a part of the marital estate has the burden of presenting witnesses or 
 evidence to establish its non-marital character and also to give the trial court 
 an opportunity to decide the issue.  Hodge v. Hodge, 305 S.C. 521, 526, 
 409 S.E.2d 436, 439-40 (Ct. App. 1991).  
Here, Wife never attempted to prove her pension 
 was non-marital.  To the contrary, counsel for the parties discussed equitable 
 division of the pension when the court asked about issues on which the parties 
 agreed.  When Wifes counsel noted Wifes pension had not yet vested, the court 
 stated the pension could be divided by a Qualified Domestic Relations Order.  
 Furthermore, during her testimony Wife said she believed Husband would be entitled 
 to a portion of her pension, and when the court mentioned her testimony later 
 during the hearing, Wifes counsel accepted the courts recollection.  Because 
 Wife never attempted to show her pension was non-marital, the court erred in 
 ruling the pension was non-marital.  We find Wifes pension should be divided 
 by QDRO in the same proportions the judge indicated for equitable distribution.  
 Therefore, we reverse and remand to the family court for the preparation and 
 execution of a QDRO dividing the pension in the following proportions:  39% 
 to Husband and 61% to Wife.
CONCLUSION
We find the family court erred in refusing to 
 divide the personal property and in excluding Wifes pension from the apportionment.  
 However, we find the court did not err in determining the amount Husband must 
 pay toward the marital debt or in allowing Wifes Rule 59(e) motion.  Accordingly, 
 the decision of the family court is
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HUFF and STILWELL, JJ., and CURETON, A.J., concur.

 
 [1] 
        We decide this case without oral argument pursuant to Rule 215, SCACR.