**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Randall Seels, as the Personal Representative for the Estate of Olivia Seels Smalls, Respondent,

v.

Joe Truman Smalls, Appellant.

Appellate Case No. 2017-002128

Appeal From Berkeley County
Jack A. Landis, Family Court Judge

Unpublished Opinion No. 2020-UP-275
Submitted May 8, 2020 – Filed September 30, 2020

**AFFIRMED**

Thomas Ray Sims, Sr., of Thomas Ray Sims Attorney, of Orangeburg, for Appellant.

Donald Bruce Clark, of Donald B. Clark, LLC, of Charleston, and Diane C. Current, of Current Law Firm, PA, of Charleston, both for Respondent.

**PER CURIAM:** This case arises from an action Olivia Seels Smalls (Wife) brought against Joe Truman Smalls (Husband) prior to her death, upon which the family court substituted her personal representative, Randall Seels (Brother), as

plaintiff. Husband argues the family court erred in (1) denying his motion to dismiss after Wife's death, (2) valuing the parties' rental properties, and (3) failing to consider all equitable apportionment factors codified in section 20-3-620 of the South Carolina Code (2014) in its division of the marital property. We affirm.

Wife filed a summons and complaint in the family court, seeking a divorce, spousal support, and equitable apportionment. Husband and Wife reached agreements regarding a number of temporary issues. Wife died during the pendency of the litigation, and Wife's counsel filed a motion to substitute Wife's personal representative as plaintiff. After a December 30, 2015 hearing, the family court found no further action should be taken in the case until a personal representative was appointed.

On February 18, 2016, Brother was appointed personal representative of Wife's estate and subsequently moved to be substituted for Wife as the plaintiff. Husband filed a return to the motion and moved to dismiss the case due to Wife's death.

After a hearing, the family court found Brother, as Wife's personal representative, should be substituted as plaintiff, recognizing that although the issues of divorce and support abated upon Wife's death, the family court retained jurisdiction to identify and apportion the marital property.

The family court heard the case on May 15-17, 2017, and filed its final order on September 28, 2017.

## I. Abatement

We find the family court properly denied Husband's motion to dismiss because the litigation regarding the equitable division of the marital estate did not abate upon Wife's death.

> The family court has exclusive jurisdiction: . . . to hear and determine actions for divorce a vinculo matrimonii, separate support and maintenance, legal separation, and in other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage and attorney's fees, if requested by either party in the pleadings; . . .

S.C. Code Ann. § 63-3-530 (A)(2) (2010 & Supp. 2019).

> During the marriage a spouse shall acquire, based upon the factors set out in Section 20-3-620, a vested special equity and ownership right in the marital property as defined in Section 20-3-630, which equity and ownership right are subject to apportionment between the spouses by the family courts of this State at the time marital litigation is filed or commenced as provided in Section 20-3-620.

S.C. Code Ann. § 20-3-610 (2014). "With certain exceptions, marital property is 'all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation . . . regardless of how legal title is held.'" *Brown v. Odom*, 425 S.C. 420, 431, 823 S.E.2d 183, 188 (Ct. App. 2019) (quoting S.C. Code Ann. § 20-3-630(A) (2014)). "[M]arital litigation is not abated by the death of a spouse. Therefore, the family court has continuing jurisdiction to resolve the issues between the parties pertaining to their divorce." *Perry v. Estate of Perry*, 323 S.C. 232, 236, 473 S.E.2d 860, 863 (Ct. App. 1996).

In *Hodge v. Hodge,* this court addressed whether the death of a party to marital litigation abated the issue of equitable division. 305 S.C. 521, 522, 409 S.E.2d 436, 437 (Ct. App. 1991). There, the wife filed an action for separate support and maintenance and property division against her husband, and both parties appealed the family court's final order. *Id.* at 522, 409 S.E.2d at 437. The husband died during the pendency of the appeal. *Id.* The court of appeals considered the issue of abatement *sua sponte*, *id.* at 522, n.1, 409 S.E.2d at 437, n.1, holding:

> [U]pon the institution or filing of marital litigation, the parties' property acquired during the marriage becomes vested in an estate called marital property in which the parties have a vested interest subject to equitable distribution. We also hold that with respect to the equitable division of marital property, marital litigation is not abated by the death of a spouse. These holdings are based upon the statutory law of South Carolina. The linchpin of our holdings is the legislature's use of the word 'vested' in S.C. Code Ann. § 20-7-471 (1976) . . . .

*Id.* at 524, 409 S.E.2d at 438 (footnotes omitted). The litigation of the equitable division of the marital property was not abated upon the husband's death because the wife's interest in the marital property vested upon the filing of the action; thus, the family court retained exclusive jurisdiction. *Id.* at 525, 409 S.E.2d at 439.

In 2008, the General Assembly, as part of the creation of the Children's Code, transferred § 20-7-471, the statute upon which the *Hodge* court relied, to § 20-3-610. 2008 South Carolina Laws Act 361. However, the "linchpin" statutory language providing a spouse acquires "a vested special ownership right in the marital property" remains the same. *See* S.C. Code Ann. § 20-3-610 (Supp. 2011) ("During the marriage a spouse shall acquire, based upon the factors set out in Section 20-3-620, a vested special equity and ownership right in the marital property as defined in Section 20-3-630, which equity and ownership right are subject to apportionment between the spouses by the family courts of this State at the time marital litigation is filed or commenced as provided in Section 20-3-620."). Thus, the family court properly relied upon *Hodge* in retaining jurisdiction to identify and apportion the marital estate.

## II.  Valuation of Rental Properties

We affirm the family court's valuation of the rental properties because the testimony of Wife's accountant and appraiser, along with the appraisals admitted as exhibits, provided the best evidence in the record addressing these values. *See Schultze v. Schultze*, 403 S.C. 1, 8, 741 S.E.2d 593, 597 (Ct. App. 2013) ("[A]ppellant bears the burden of providing a record on appeal sufficient for intelligent review and from which an appellate court can determine whether the trial court erred."). Although the family court's final order indicates Husband challenged Wife's appraisals and gave his own opinion as to the value of each property, he testified his values "were just estimates off the top of his head." Moreover, although Husband testified he completed repairs at the properties over the years, the testimony provided in the record on appeal fails to set forth any counter valuation for these properties. In sum, the evidence presented on appeal supports the family court's valuation of the rental properties. *See Nelson v. Nelson*, 428 S.C. 152, 177, 833 S.E.2d 432, 445 (Ct. App. 2019) ("A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented." (quoting *Pirri v. Pirri*, 369 S.C. 258, 264, 631 S.E.2d 279, 283 (Ct. App. 2006)).

## III.  Consideration of Equitable Apportionment Factors

We find the family court did not err in declining to consider equitable apportionment factors inapplicable to the circumstances of this case. Section 20-3-620 of the South Carolina Code (2014) lists fifteen factors for family courts to consider in equitably dividing marital property. However, not all fifteen factors apply in every case. For example, Husband and Wife's children were adults, thus the factor regarding child custody arrangements was irrelevant here. *See* § 20-3-620(14). Likewise, other factors were inapplicable due to Wife's death and the fact that both parties were receiving Social Security.

Nevertheless, even if the family court erred in failing to consider certain of the statutory factors, this court would be unable to conduct a proper de novo review due to the scant evidence addressing such additional factors provided in the record on appeal. *See Schultze*, 403 S.C. at 8, 741 S.E.2d at 597 ("[A]ppellant bears the burden of providing a record on appeal sufficient for intelligent review and from which an appellate court can determine whether the trial court erred."). Husband specifically argues the family court erred because the statute requires the family court to consider the income and earning potential of each spouse. However, he did not provide a financial declaration or other evidence of his income for this court to consider. There is little evidence in the record regarding his work history and training, other than Wife's brother's testimony that Husband worked for SCE&G for approximately thirty years and attended Trident Technical College. In any event, we find the family court did not err in declining to consider irrelevant equitable apportionment factors, and we affirm its decision as to the equitable distribution.

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.