0591

Shirley G. SAULS, Appellant, v. Jimmy Franklin SAULS, Respondent.

(337 S. E. (2d) 893)

Court of Appeals

*Auburn J. Bridge,* Walterboro, *for appellant.*

*William C. Anderson, Jr.,* Hampton, *for respondent.*

Heard Oct. 23, 1985.

Decided Dec. 4, 1985.

SANDERS, Chief Judge:

Appellant Shirley G. Sauls and respondent Jimmy Franklin Sauls were divorced by order of the Family Court. Mrs. Sauls appeals those aspects of the order which determined the property rights of the parties, required child support and failed to award attorney's fees. We affirm as modified.

Mr. and Mrs. Sauls were married on August 4, 1972. Two children were born of the marriage. They separated on March 25, 1982, and twelve days later entered into a separation agreement. Under the terms of the agreement, each party retained custody of one child. Mr. Sauls was required to pay Mrs. Sauls $25 per week as child support. Mrs. Sauls was given ownership of a lot acquired by the parties during their marriage, and Mr. Sauls was given ownership of the home previously occupied by the parties. In addition, Mrs. Sauls was given ownership of a 1979 Thunderbird car and certain unspecified household furnishings in her possession and Mr. Sauls was given ownership of a 1976 Chevrolet van and "the rest and residue of the parties' furnishings." Finally, the agreement provided "that in the event either party obtains a divorce from the other, this Agreement shall be incorporated in any final Decree."

On March 28, 1983, Mrs. Sauls petitioned the Family Court for a divorce on the ground of one year continuous separation. She also prayed for custody of both children, child support in the amount of $100 per week, hospitalization insurance and medical expenses for the children, a property

settlement including the right to obtain her personal property from the home, attorney's fees and costs and for the separation agreement to "be declared null and void by this Court in that it is unfair, unreasonable and unjust."

In his answer (styled a "Reply"), Mr. Sauls joined in Mrs. Sauls' prayer for a divorce, but also prayed that the separation agreement be accepted by the Court and "incorporated and merged with the Final Decree of Divorce."

The Family Court granted the parties a divorce, approved the separation agreement, listing those items of personal property awarded Mrs. Sauls which were unspecified in the agreement, awarded custody of one child to Mr. Sauls and the other to Mrs. Sauls as the agreement provided, required Mr. Sauls to pay Mrs. Sauls $25 per week child support as also provided by the agreement and denied Mrs. Sauls' prayer for attorney's fees.

Mrs. Sauls argues on appeal that the Family Court erred in approving the separation agreement, in not awarding her certain items of personal property, in not requiring Mr. Sauls to pay her child support of more than $25 per week, in not requiring him to pay medical bills for the child in her custody and in failing to award her attorney's fees. (In oral argument before us, her attorney abandoned the argument contained in her brief that the Family Court also erred in not awarding her custody of both children.)

## I

We first address the question of whether the Family Court erred in approving the separation agreement.

Where one party seeks Family Court approval of a settlement agreement between a husband and wife and the other party repudiates it, the court must first determine if the agreement was freely and voluntarily entered into and next determine if it is fair under all circumstances. *Doe v. Doe,* _____ S. C. _____ , 334 S. E. (2d) 829 (Ct. App. 1985.)[1]

---

[1] Mrs. Sauls did not raise any issue in her pleadings as to whether the agreement was entered into freely and voluntarily. Rather, she pleaded that the "Agreement is unfair, unreasonable and unjust." Both Mr. and Mrs. Sauls testified before the trial judge, called witnesses who also testified and offered documentary evidence. Based on this testimony and evidence, the

Based on the evidence here, we find the agreement was freely and voluntarily entered into by Mr. and Mrs. Sauls. Both parties had the benefit of legal advice before signing it. Mrs. Sauls testified she contacted an attorney to draft the separation agreement, paid him for his services and discussed the terms prior to signing the agreement. Mr. Sauls testified he met with Mrs. Sauls at her attorney's office to discuss the terms of the agreement and had another attorney review the agreement before the parties signed it.

We also find the agreement is fair under the circumstances both as it relates to the property rights of the parties and to the child support required of Mr. Sauls, but the order of the Family Court should be so modified as to award Mrs. Sauls certain items of personal property not specified by the agreement.

## A

The parties do not dispute that Mr. Sauls purchased and paid for the home prior to the parties' marriage.

One spouse does not have an equitable interest in property acquired by the other spouse prior to the marriage. *See Walton v. Walton*, 282 S. C. 165, 318 S. E. (2d) 14 (1984). However, a spouse does have an equitable interest in improvements to property acquired before the marriage to which he or she contributed. *Webber v. Webber*, 285 S. C. 425, 330 S. E. (2d) 79 (Ct. App. 1985).

The evidence here reveals that improvements worth $4,000 were made to the home during the marriage of the parties. But according to the testimony of Mr. Sauls, he and his father constructed all of the improvements. Mr. Sauls also testified he borrowed the money to pay for the improvements and has since paid for them except for a central heating system, the cost of which is secured by a mortgage on the home. Mrs. Sauls admitted in

---

trial judge made specific findings that the agreement was entered into "freely and voluntarily" and is "fair and equitable." Although we have jurisdiction in this case to find facts based on our own view of the evidence, we are not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to evaluate their testimony. *Mann v. Walker*, 285 S. C. 194, 328 S. E. (2d) 659 (Ct. App. 1985).

her testimony that Mr. Sauls "paid for the stuff to remodel the house." The lot given Mrs. Sauls by the separation agreement is valued at $3,500. Based on this evidence, we find the lot given Mrs. Sauls was adequate to compensate her for any equitable interest she had in the home.

## B

The question of child support is largely within the discretion of the Family Court whose decision will not be disturbed on appeal unless an abuse of discretion is shown. *Corley v. Rowe*, 280 S. C. 338, 312 S. E. (2d) 720 (Ct. App. 1984). Determination of the amount of support to be ordered must be made in such a way as to reflect fairness for all parties involved. *McElrath v. Walker*, 285 S. C. 439, 330 S. E. (2d) 313 (Ct. App. 1985). Fairness requires that the court consider both the needs of the child and the abilities of the parents to provide support. *Id.* In this state, both parents have an obligation to contribute to the support of their children. *See* Section 20-7-40, Code of Laws of South Carolina, 1976; *Bradley v. Bradley*, 285 S. C. 170, 328 S. E. (2d) 647 (Ct. App. 1985).

Mrs. Sauls testified that $100 per week was needed to support both children. Although the Family Court required Mr. Sauls to pay her only $25 per week for support of the one child in her custody, it did not require her to pay Mr. Sauls anything for the other child in his custody despite the undisputed fact that her income was substantially in excess of his.

Mr. Sauls testified he carries hospitalization insurance on both children through his employer. There is no evidence that either child is incurring unusual medical bills at the present time.

Based on this evidence, we find no abuse of discretion by the Family Court in not requiring Mr. Sauls to pay more child support and in not requiring him to pay medical bills for the child in the custody of Mrs. Sauls.

## C

The items of personal property which Mrs. Sauls argues the Family Court should have awarded to her consist of a "wooden love seat, leather rocking chair, cooking grill with

tanks, and records." There appears to be no real dispute that she is entitled to these items. Mr. Sauls testified before the Family Court and his attorney conceded before us in oral argument that Mrs. Sauls is entitled to all of the items of personal property she requested. Although the Family Court found Mrs. Sauls was entitled to all these items, the items in issue appear to have been inadvertently omitted from the list contained in the order. We therefore modify the order as it pertains to the award of personal property to Mrs. Sauls so as to award her these items.

## II

We finally address the question of whether the Family Court erred in not awarding attorney's fees to Mrs. Sauls. She argues that the court erred in failing to make specific findings of fact pursuant to Rule 27(c), Rules of Practice for the Family Courts of South Carolina. *See Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (Ct. App. 1983). However, none of her exceptions on appeal is based on the failure of the court to follow the rule. *See Barr v. Barr*, 336 S. E. (2d) 481 (S. C. Ct. App. 1985) (failure to raise issue in an exception constitutes waiver). Moreover, even though the Family Court's order contains no specific findings on the issue of attorney's fees, we find the evidence here sufficient to support the denial of attorney's fees. *See Loftis v. Loftis*, 284 S. C. 216, 325 S. E. (2d) 73 (Ct. App. 1985); *Cooksey v. Cooksey*, 280 S. C. 347, 312 S. E. (2d) 581 (Ct. App. 1984); *Sumter v. Sumter*, 280 S. C. 94, 311 S. E. (2d) 88 (Ct. App. 1984).

For these reasons, the order of the Family Court is

Affirmed as modified.

CURETON and GOOLSBY, JJ., concur.