22464

David A. TRIMNAL, Appellant, v. Annie P. TRIMNAL, Respondent.

(339 S. E. (2d) 869)

Supreme Court

*Rolly W. Jacobs*, Camden, *for appellant.*

*William S. Tetterton*, of *Tetterton & Partin*, and *Charles V. B. Cushman, III*, of *Holland & Dubose*, Camden, *for respondent.*

Heard Jan. 7, 1986.

Decided Feb. 5, 1986.

CHANDLER, Justice:

In this divorce action, Husband appeals Wife's award of a $15,000 equitable interest in the marital residence.

We affirm.

## FACTS

As this is a matter in equity, heard by the trial judge alone, this Court has jurisdiction to find facts in accordance with its own views of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Husband purchased a home from his father for $12,000 in January, 1968. He financed the purchase through two loans: one from his father and one from Palmetto State Savings & Loan. At the time, the house was worth $25,000. Thus, the transfer was part purchase and part gift.

The parties were married in August, 1968. Except for periods when the two children were young, Wife worked and contributed her earnings to the family income. The parties stipulated that Wife had total gross income of $52,000, and Husband, $240,000, during the marriage. Except for the approximately eight monthly payments made prior to the marriage, the loans were paid off *during the marriage* from a joint checking account and deductions from Husband's paycheck. Funds from both parties were used to maintain and improve the home.

Husband admitted Wife was a good mother and home-maker, but testified their relationship gradually had deteriorated in recent years.

The home and furniture were the only significant assets to be divided. The stipulated appraised value of the home was $56,600. The Family Court awarded Wife a $15,000 equitable interest.

Husband contends that the home was nonmarital property and that Wife was not entitled to an equitable interest.

## ISSUE

The single issue is whether the home was nonmarital property and thus not subject to equitable division.

## MARITAL OR NONMARITAL PROPERTY SUBJECT TO EQUITABLE DIVISION?

S. C. Code Ann. § 20-7-420 (Supp. 1984) empowers the Family Court to determine the respective rights of the divorcing parties in the "property of the marriage." Such property is that acquired "during coveture." *Wilson v. Wilson*, 270 S. C. 216, 241 S. E. (2d) 566 (1978); *Burgess v. Burgess*, 277 S. C. 283, 286 S. E. (2d) 142 (1982).

Because Husband originally acquired title to the home, partly by gift and partly by purchase, we make the following two-part analysis.

### A. *Gift Component*

Our Court of Appeals has held that if inherited property, nonmarital at the time of its acquisition, is utilized by the parties in support of the marriage, it is transmuted into marital property. *See Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. 1984); *Cooksey v. Cooksey*, 280 S. C. 347, 312 S. E. (2d) 581 (Ct. App. 1984). We hold that the same rule applies to property acquired by gift. *See also Barr v. Barr*, 282 S. C. 362, 336 S. E. (2d) 481 (Ct. App. 1985).

Transmutation "may occur when the property becomes so commingled as to be untraceable; is utilized by the parties in support of the marriage; or is titled jointly or otherwise utilized in such a manner as to evidence an intent by the

parties to make it marital property." *Hussey, supra,* 280 S. C. at 423, 312 S. E. (2d) at 270-271.

Here, the gift to Husband was commingled with marital property and utilized without reservation in support of the marriage. We hold that the "gift" component of the interest in the home, originally nonmarital in character, was transmuted into marital property.

### B. *Purchase Component*

In *Walton v. Walton,* 282 S. C. 165, 318 S. E. (2d) 14 ■ (1984), we held that one spouse did not have an equitable interest in property acquired by the other spouse prior to the marriage. Here, however, Husband only acquired *legal title* to the house prior to the marriage. Except for the few montly payments which he made before the marriage, both Husband and Wife acquired the "purchase" component of the interest by paying off the loans, *by their joint efforts,* during the marriage.

While the purchase component was originally nonmarital in character, it was transmuted into marital property by wife's contributions to its acquisition.

We hold that, under the facts presented here, the purchase component of the interest in the home was marital property subject to equitable division. *Cf. Sauls v. Sauls,* _____ S. C. _____, 337 S. E. (2d) 893 (Ct. App. 1985) (one spouse denied an equitable interest in a home purchased *and paid for* by the other spouse prior to marriage).

### C. *Equitable division*

The appraised value of the home was $56,600. There were no outstanding mortgages. Wife's award of a $15,000 equitable interest represents 26.5% of the total value.

Wife does not appeal the Family Court's award as to its inadequacy.

Husband's remaining exceptions are without merit and we affirm pursuant to Supreme Court Rule 23.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.