0762

Ernestine CANADY, Appellant v. Turner L. CANADY, Jr., Respondent.
(347 S. E. (2d) 115)

Court of Appeals

*Walter Bilbro, Jr.* of *Walter Bilbro & Associates, P.A.,* Charleston, *for appellant.*

*Henry T. Gaud,* Charleston, *for respondent.*

Heard May 27, 1986.

Decided Aug. 4, 1986.

CURETON, Judge:

In this marriage dissolution action the wife claims error on the part of the trial judge in not holding that the husband committed physical cruelty, in failing to equitably divide the marital estate, and in making a rehabilitative alimony award. We affirm in part, reverse in part and remand in part.

Two years prior to the marriage of the parties, the husband received by gift a 44-acre parcel of land from his father. Ten years after the marriage, the husband's grandmother conveyed to him by gift title to 25 acres of land and a small wooden frame house that the parties had lived in since marriage. After the husband received title to the house, the parties mortgaged the house and 25 acres for $45,000.00 to renovate the house. Mortgage payments were made from the parties' joint funds.

In 1983 the parties separated, primarily because the husband became interested in the affections of another woman. The trial court found that the husband had committed adultery and granted the wife a divorce based on adultery. No appeal has been taken from that ruling. The wife also requested a divorce based on physical cruelty. She testified

that her husband had beaten her several times and had threatened her with a knife. Her supervisor testified to seeing bruises on the wife and listening to a threatening telephone call the husband made to the wife at work. The husband denied the alleged acts of physical cruelty and, in fact, testified to several acts of physical cruelty on the wife's part. The trial court found that the wife had failed to prove the husband committed acts of physical cruelty.

The trial judge concluded that both the 44-acre tract and the 25-acre tract of land were inherited property and denied the wife an interest in the properties. He found: (1) that the marital home structure had a value of $72,500.00; (2) that the structure was worth $8,750.00 at the time it was "inherited" by the husband; and (3) that there was a mortgage balance of $42,193.00 and an equity in the house of $22,556.00. The court concluded that based upon the wife's income during the course of the marriage, she was entitled to a one-third equity in the house of $7,519.00. Without elaboration the trial court awarded the wife "rehabilitative alimony in the amount of $6,000.00 payable at the rate of $500.00 per month retroactive to February 1, 1984."

The issues on appeal concern the trial judge's (1) failure to find that the husband committed physical cruelty; (2) failure to find that the 44- and 25-acre tracts of land were marital property; (3) erroneous valuation and distribution of the marital property; and (4) failure to award permanent alimony.

We find no merit to the wife's argument that the trial judge should have found the husband committed physical cruelty. Aside from the wife's testimony, all other evidence of physical cruelty was purely circumstantial. Physical cruelty is violence or physical treatment that threatens life or body and makes living together unsafe for the complaining spouse. *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330 (1949); *Gibson v. Gibson,* 283 S. C. 318, 322 S. E. (2d) 680 (Ct. App. 1984). The record convinces us that it is impossible to make a determination on this point without also making a judgment on the credibility of witnesses. Substantial weight must be given to the trial court's findings that are implicitly based in part on credibility of witnesses. *Thompson v. Brunson,* 283 S. C. 221, 321 S. E. (2d) 622

(Ct. App. 1984). Giving due regard to the trial judge's opportunity to judge the credibility of the witnesses, we cannot say that he committed error in failing to find physical cruelty. We therefore affirm the trial judge on this point.

The trial judge's finding that both the 44- and 25-acre tracts were inherited property is clearly erroneous.

All the evidence shows that the husband received the properties by *inter vivos* gifts. Nevertheless such a finding, though erroneous, does not affect the holding of the trial court since this court has determined that a gift from a third party intended to benefit only one spouse is not subject to equitable division. *Barr v. Barr*, 287 S. C. 13, 336 S. E. (2d) 481 (Ct. App. 1985). While not ordinarily subject to division, a gift of real estate to one spouse may lose its non-marital character if used in support of the marriage or otherwise utilized in such a manner as to evidence an intent by the parties to make it marital property. *Trimnal v. Trimnal*, 287 S. C. 495, 339 S. E. (2d) 869 (1986). In denying the wife an interest in the real estate, the trial judge made no findings as to whether the property had been transmuted into marital property. We hold that this was error and remand for a determination of whether all or a portion of the real estate became marital property through transmutation.

The wife also asserts that the trial judge abused his discretion in valuing and distributing the marital estate. We have remanded the question of whether, under the theory of transmutation, a portion of the real estate should have been included in the marital estate. Because a change in the marital estate will necessitate a reevaluation and redistribution of the estate, this issue remains unsettled. We therefore remand this issue for reconsideration in conjunction with the transmutation issue. We do remind the trial judge that a distribution of the marital estate based solely upon the parties' respective incomes is improper. *Baker v. Baker*, 276 S. C. 427, 279 S. E. (2d) 601 (1981).

The trial court awarded "rehabilitative alimony in the amount of $6,000.00 payable at the rate of $500.00 per month retroactive to February 1, 1984," the date *pendente lite* alimony was ordered. The trial judge made no findings of fact regarding the reason for the "rehabilitative

alimony" award or why the award was made retroactive. An award of rehabilitative alimony must be based on facts which support its temporary nature; moreover, such facts must also demonstrate the recipient's self-sufficiency at the expiration date of the ordered payments. *Herring v. Herring*, 286 S. C. 447, 335 S. E. (2d) 366 (1985). Likewise, an award of lump-sum alimony must be based on specific findings identifying the circumstances that make such an award advisable. *Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (Ct. App. 1983). We therefore remand this award to the trial court to make specific findings to support the award. Provided that if upon remand, the court is unable to find facts sufficient to support the "rehabilitative alimony" award, it should then consider whether periodic alimony is appropriate.

Affirmed in part, reversed in part and remanded.

GARDNER, and GOOLSBY, JJ., concur.