22772

William G. PETERKIN, III, Respondent-Appellant v. Helen I. PETERKIN, Appellant-Respondent.

(360 S. E. (2d) 311)

Supreme Court

*David R. Gravely* and *Preston B. Haines, III*, of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.*, Myrtle Beach, *for appellant-respondent.*

*Jean H. Toal* and *D. Cravens Ravenel*, of *Belser, Baker, Barwick, Ravenel, Toal & Bender*, Columbia, *for respondent-appellant.*

Heard May 19, 1987.

Decided Aug. 24, 1987.

NESS, Chief Justice:

Wife appeals an order granting a divorce, identifying and distributing marital property and awarding wife child support and alimony. Both parties appeal a subsequent order awarding wife attorney fees and costs. We affirm in part, reverse in part, and remand.

The parties were married for twenty-nine (29) years and have five children, one of whom is a minor. Husband is a farmer. Wife was primarily responsible for raising the children, running the household, and other marital duties. She was also the farm bookkeeper and assisted in the management of the farm operation.

Prior to and during the marriage, husband acquired, by gift and inheritance, interests in land and a trust, and stocks. Wife asserts the following properties were transmuted into marital property and should have been included in the equitable division: a) Husband's vested interest in a trust, inherited during the marriage; b) Stock given to husband prior to the marriage and stock inherited by husband during the marriage; c) Husband's life estate interest in the Lang Syne Farm acreage; and, d) Husband's interests in two (2) other tracts of land.

Income generated by these properties was placed into the parties' personal account and used for personal expenses of the family or placed into the farm account and drawn upon for family expenses. In addition, marital property was mortgaged and the proceeds used to purchase husband's father's one-half interest in the farm operation and to pay a farm debt. Wife also asserts her direct and indirect contributions increased the value of the property.

Marital property is property acquired during coverture. *Miller v. Miller*, 358 S. E. (2d) 710 (S. C. 1987); *Trimnal v. Trimnal*, 287 S. C. 495, 339 S. E. (2d) 869 (1986). However, gifts to one spouse and property inherited by one spouse remain the separate property of that spouse unless they have been transmuted into marital property. *Id.*

Transmutation "may occur when the property becomes so commingled as to be untraceable; is utilized by the parties in support of the marriage; or is titled jointly or otherwise utilized in such a manner as to evidence an intent by the parties to make it marital property." *Trimnal, supra,* quot-

ing *Hussey v. Hussey,* 280 S. C. 418, 312 S. E. (2d) 267 (Ct. App. *en banc* 1984).

The trial judge properly found husband's interests in the two (2) tracts of land, his vested interest in the trust and the stocks acquired through gift and inheritance were his separate property. Merely using the income derived from these items in support of the marriage does not transmute them into marital property. *See Brooks v. Brooks,* 289 S. C. 352, 345 S. E. (2d) 510 (Ct. App. 1986) (Inherited property does not lose its separate nature because a portion of the inheritance is used in furtherance of the marriage).

The trial judge also found the Lang Syne Farm acreage was husband's separate property. However, he found the farm house, its contents and the farm equipment had been transmuted into marital property. In our opinion, husband's life estate in the farm acreage lost its nonmarital character as well, and became subject to equitable distribution when it was utilized in support of the marriage. In contrast to the other properties husband brought into the marriage, the Lang Syne Farm, and not merely the income the farm produced, was used in support of the marriage. Therefore, the trial judge erred in failing to find husband's life estate in the Lang Syne Farm acreage was transmuted into marital property subject to equitable distribution. *See Rampey v. Rampey,* 286 S. C. 153, 332 S. E. (2d) 213 (Ct. App. 1985); *Cooksey v. Cooksey,* 280 S. C. 347, 312 S. E. (2d) 581 (Ct. App. 1984); *cf. Canady v. Canady,* 289 S. C. 512, 347 S. E. (2d) 115 (Ct. App. 1986); *Cooper v. Cooper,* 289 S. C. 377, 346 S. E. (2d) 326 (Ct. App. 1986).

In light of the increase in the marital estate, we remand for reconsideration of the allocation of husband's life estate interest in the Lang Syne Farm acreage.

The parties' remaining issues are without merit and are disposed of pursuant to Supreme Court Rule 23.

Affirmed in part; reversed in part; remanded.

GREGORY, HARWELL, FINNEY, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.