1031

Flora M. WYATT, Respondent v. Grady WYATT, Appellant.
(361 S. E. (2d) 777)

Court of Appeals

*John L. Creson,* of *Surrett, Walker, Creson & Colley, P.A.,* Augusta, Ga., *for appellant.*

*Thomas H. Dale,* Columbia, *for respondent.*

Heard Sept 21, 1987.

Decided Oct. 26, 1987.

SHAW, Judge:

Respondent-wife, Flora M. Wyatt, originally brought this action for separate maintenance. While this action was pending, appellant-husband, Grady Wyatt, obtained a divorce in a separate action in the State of Georgia. Thereafter, this action became a final determination of the parties' property and support rights. The husband appeals from a family court order finding certain property to be nonmarital and requiring the sale of all marital assets. We reverse and remand.

In an action for divorce, this court has jurisdiction to find facts based on its own view of the preponderance of the evidence. *Shafer v. Shafer,* 283 S. C. 205, 320 S. E. (2d) 730 (Ct. App. 1984).

These parties were married on November 1, 1969, it being the second marriage for both parties. At the time of the marriage, the wife owned a lot and a mobile home. The lot was owned outright and the wife had paid two and one half years of a five year mortgage on the mobile home. The parties lived in the mobile home from the time they married until 1979 during which time substantial improvements were made on the home and lot. The husband contributed considerably to these improvements and also contributed to the remaining mortgage payments. Several months prior to the hearing of this action, the wife sold the lot on which the mobile home was located for $45,000. As of the hearing, she had not sold the mobile home.

There is conflicting testimony as to whether the husband owned a residence located in Gaffney, South Carolina, at the time of the marriage, or whether the wife assisted in the purchase of this residence. However, the husband concedes this and another Gaffney residence inherited during the marriage were transmuted into marital property.

The husband argues the family court erred in characterizing the mobile home and lot as nonmarital property belonging to the wife. Premarital property may be transmuted into marital property if it is utilized in support of the marriage, becomes so co-mingled as to be untraceable, or is utilized in such a manner as to evidence an intent to make it marital property. *Trimnal v. Trimnal,* 287 S. C. 495, 339 S. E. (2d) 869 (1986). Though one spouse acquires legal title to property prior to marriage, the discharge of indebtedness by both the husband and wife may transmute the property into marital property. *Id.* at 870, 871. In the instant case, the wife acquired legal title to the mobile home prior to the marriage, but paid off only one half of the mortgage. The remainder of the debt was discharged through the joint efforts of the husband and the wife. Further, the husband made substantial improvements to both the mobile home and the realty including the addition of a room, central air conditioning, an asphalt parking area, a sidewalk and a well and pump house. Finally, this residence was occupied by the parties for ten of their sixteen years of marriage. Clearly this property was used in support of the marriage and transmuted into marital property.

The wife argues even if the mobile home and lot became marital property, it lost that characterization and reverted back to her separate property following their move to the Lake Murray house. This is a novel theory for which the wife can provide no case law for support and we reject it. Further, we find because rent collected on the mobile home after the parties moved out was placed in a joint account and used in support of the marriage, the property never lost its marital characterization.

Finally, the husband argues the family court erred in ordering the sale of all marital assets. He claims there is sufficient evidence in the record to divide the property in kind and a forced sale would result in unfavora-

ble tax consequences for both parties. While we agree the sale of all marital assets was improper, we find there is insufficient evidence in the record as to valuation of much of the property.

For the foregoing reasons, the judgment below is reversed as to the finding the mobile home and lot were nonmarital property, reversed as to the ordering of the sale of all marital assets, remanded to reconsider the percentage of equitable distribution to be allocated and remanded to determine the values to be placed on all marital property and to distribute.

Reversed and remanded.

BELL and CURETON, JJ., concur.