1232

Ernestine CANADY, Respondent v. Turner L. CANADY, Jr., Appellant.

(374 S. E. (2d) 502)

Court of Appeals

*Henry T. Gaud,* Charleston, *for appellant.*

*Walter Bilbro, Jr.,* of *Walter Bilbro and Associates,* Charleston, *for respondent.*

Heard Sept. 21, 1988.

Decided Oct. 31, 1988.

SHAW, Judge:

This is a domestic action which this court has had occasion to review before. The first appeal resulted in a remand for a redetermination of marital property and alimony. *Canady v. Canady,* 289 S. C. 512, 347 S. E. (2d) 115 (Ct. App. 1986). Mr. Canady appeals the family court's order on remand challenging: (1) the finding of certain property as transmuted marital property, (2) the division of marital property, and (3) the award of periodic alimony to Mrs. Canady. We affirm.

The facts having been set forth in our prior opinion, we need not recite them here. Any additional facts necessary to the disposition of this case will be set forth below.

Mr. Canady contends the trial judge erred in equitably dividing a 25-acre tract of land with improvements conveyed to him by his grandmother during the couple's marriage. The couple lived on the property since they married and had been married for ten years at the time of the conveyance from the grandmother. After the conveyance, the parties took out a series of joint loans to make renovations and improvements. The mortgage covered the entire 25 acres. The parties were jointly responsible for the payments which were made from joint funds.

Nonmarital property may be transmuted into marital

property if it is utilized in support of the marriage, becomes so co-mingled as to be untraceable, or is utilized in such a manner as to evidence an intent to make it marital property. *Wyatt v. Wyatt*, 293 S. C. 495, 361 S. E. (2d) 777 (Ct. App. 1987). Though one spouse acquires legal title to property, the discharge of indebtedness by both the husband and wife may transmute the property into marital property. *Id.* 361 S. E. (2d) at 779. Transmutation is a matter of intent to be gleaned from the facts of each case and the spouse claiming transmutation must show that, during the marriage, the parties themselves regarded the property as the common property of the marriage. *Johnson v. Johnson*, _____ S. C. _____, 372 S. E. (2d) 107 (Ct. App. 1988).

In the instant case, not only did the parties use the property in support of their marriage and jointly discharge indebtedness incurred, but also there is evidence the husband considered the property marital property. Throughout the trial, Mr. Canady referred to the home as the marital residence and admitted the wife probably retained an equitable interest in the property. We therefore hold under the circumstances of this case this property was transmuted into marital property.

Mr. Canady also contends that since the improvements were to the house and not the acreage, only the home could be considered transmuted. We disagree. The mortgage covered the entire 25-acre tract. Both parties were responsible for the mortgage payments. We find the entire 25-acre tract was thus transmuted.

Mr. Canady further claims the trial judge erred in awarding Mrs. Canady 40 percent of the value of the property in question. He argues the wife played no role in acquiring the property and therefore should receive no part of it. Like inherited property, property received as an *inter vivos* gift may be transmuted into marital property. *Canady*, supra 347 S. E. (2d) at 117. In such a case, a spouse seeking to prove transmutation of a gift of property to the other spouse would not have acquired the property. If Mr. Canady's theory is followed, there would be no point to the doctrine of transmutation of an *inter vivos* gift. Therefore, we find no merit to this argument.

Lastly, Mr. Canady contends the trial judge erred in

awarding the wife $250 per month in permanent periodic alimony. He claims the facts support an award of rehabilitative alimony. We disagree.

Rehabilitative alimony may be awarded only upon a showing of special circumstances justifying a departure from the normal preference for permanent, periodic support. *Johnson,* supra. It should be approved only in exceptional circumstances and the factors to be considered in such an award are (1) the duration of the marriage; (2) the age, health and education of the supported spouse; (3) the financial resources of the parties; (4) the parties' accustomed standard of living; (5) the ability of the supporting spouse to meet his needs while meeting those of the supported spouse; (6) the time necessary for the supported spouse to acquire job training or skills; (7) the likelihood that the supported spouse will successfully complete retraining; and (8) the supported spouse's likelihood of success in the job market. Further, there must be evidence demonstrating the self sufficiency of the supported spouse at the expiration of the ordered payments in order for rehabilitative alimony to be granted. *Id.*

The record reveals an eighteen year marriage with a comfortable standard of living. The parties are both in their mid-forties and have had only minor health problems. Both Mr. and Mrs. Canady were employed during the course of the marriage and, at the time of the divorce, Mr. Canady made twice as much money as Mrs. Canady. There is no indication Mrs. Canady should attain further job training skills considering her age and employment background. We find the record as a whole indicates rehabilitative alimony is inappropriate under the circumstances and affirm the trial judge's award of permanent, periodic alimony.

For the above stated reasons, the judgment below is affirmed.

Affirmed.

BELL and CURETON, JJ., concur.