THIS OPINION HAS NO
 PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Arthur Wilson
 Roberts, III, Appellant,
 v.
 Clarice Gibbons
 Roberts, Respondent.
 
 
 

Appeal From York County
Aphrodite K. Konduros, Family Court Judge
Unpublished Opinion No. 2009-UP-190
Heard March 4, 2009  Filed May 5, 2009
AFFIRMED IN PART, REVERSED IN PART, AND
 REMANDED 

 
 
 
 Thomas F. McDow and Erin U. Fitzpatrick, both of Rock Hill, for
 Appellant.
 Harry T. Heizer, Jr., of Irmo, Sandra D. Hebert, of Lexington, for
 Respondent.
 
 
 

PER CURIAM: In this appeal, Arthur Roberts, III, (Husband) challenges
 the final decree of divorce on several grounds, arguing that the family court
 erroneously (1) denied Husband's motion for a continuance; (2) excluded
 portions of Husband's deposition; (3) allowed Clarice Roberts (Wife) to introduce
 evidence of her attorney's fees after she failed to respond to Husband's
 discovery requests; (4) awarded permanent periodic alimony to Wife; (5) found
 that Husband's home was transmuted into marital property; and (6) divided the
 marital estate on a 50/50 basis.  We affirm in part, reverse in part, and
 remand.
FACTUAL BACKGROUND
Husband and Wife were married on April 4, 1993, and
 had no children during their eleven-year marriage.  Wife was 60 years old and
 Husband was 57 years old when the family court issued its final decree of
 divorce on July 26, 2006.  Both parties were married prior to their marriage.  Wife
 had two children from a previous marriage, whom she and Husband supported
 during their marriage.
In
 1992, shortly before the parties' marriage, Husband purchased his siblings'
 interest in their late parents' home.  The home was titled solely in Husband's
 name and Husband was responsible for the mortgage at all times, which he paid
 off during the course of the parties' marriage from his separate checking
 account.  Wife made indirect contributions to the home by paying household
 expenses, cleaning, helping to remodel and update the home, taking out the
 trash, and doing yard work.  
During
 their marriage, Husband and Wife maintained separate banking accounts into
 which their respective paychecks were deposited.  Husband worked for Bi-Lo for
 approximately twenty-nine years and was an assistant manager for Bi-Lo during
 the majority of the parties' marriage.  He left Bi-Lo and began working for his
 brother in Florida approximately a year after the parties separated.  Wife has
 been working at the South Carolina Department of Transportation for
 approximately eighteen years, but she also currently works part-time for the
 South Carolina Credit Union.  Before Husband stopped working at Bi-Lo in August
 2004, his gross monthly income was $4,207.12 and Wife's gross monthly income
 was approximately $3,200.[1]  
At the time of the final hearing, Wife was living at her sister's house
 because she claimed she could not afford to buy a house and pay her basic
 living expenses.  Wife reasoned that while she was earning more than she earned
 during the marriage, due to the loss of Husband's income, Wife could not
 support herself in the same manner that she was accustomed to during their
 marriage.  
PROCEDURAL HISTORY
On
 May 4, 2004, Husband instituted this divorce action, seeking separate
 maintenance and support, confirmation of property division, discovery,
 reimbursement alimony, and attorney's fees.  Wife responded and counterclaimed,
 seeking a dismissal of the complaint, separate maintenance and support,
 equitable distribution of the property, discovery, alimony, and attorney's
 fees.  The family court held a final hearing on March 30, 2006.   
Husband was not
 present at the final hearing.  Husband's counsel moved for a continuance
 citing Husband's "severe memory problems," but counsel acknowledged
 that there was no excuse for Husband's absence as counsel had notified Husband
 of the date of the hearing.  The family court denied counsel's motion, but it gave
 Husband's counsel an opportunity to notify Husband of the court's decision to
 proceed with the hearing in Husband's absence.   
Wife
 was the sole witness at the final hearing.  Before Wife's testimony, Husband's
 counsel objected to any evidence on Wife's attorney's fees because Wife failed
 to respond to his discovery requests on the grounds of attorney-client
 privilege.  The family court denied this motion.  Subsequently, Husband's
 counsel attempted to introduce excerpts from Husband's deposition in response
 to Wife's testimony, which the family court did not allow.  Husband's counsel then
 moved to alternatively strike any evidence that Wife testified to in reliance
 upon Husband's deposition, but the family court denied this motion and
 proceeded with the hearing.  
Thereafter, on July
 26, 2006, the family court issued a final decree of divorce and awarded the
 parties a divorce based on the statutory ground of one year's continuous
 separation.  Finding the home, the 401(k), and the retirement accounts were
 marital property, the court divided the marital estate on a 50/50 basis.  The family
 court awarded the home to Husband but allotted $97,264 from Husband's 401(k)
 account to Wife to effectuate an equal division of marital property.  Wife retained
 exclusive ownership of her 401(k) and state retirement accounts and was awarded
 $353 per month in permanent periodic alimony.  The family court also awarded
 attorney's fees to Wife in the amount of $12,568.02.  
ISSUES ON APPEAL
Husband presents this Court with six grounds of error
 on appeal.
(1)  The family court erred in denying
 Husband's motion for a continuance because it was presented with evidence that
 Husband failed to attend the final hearing on account of severe memory
 problems.
(2)  The family court erred in
 excluding portions of Husband's deposition, which would demonstrate Husband
 failed to attend the hearing due to a mental infirmity, when the court had
 permitted Wife to testify from the same deposition.
(3)  The family court erred in
 permitting Wife to offer evidence on her attorney's fees as she previously
 asserted in response to discovery requests that the fee evidence was
 attorney-client protected. 
(4)  The family court erred in awarding
 Wife permanent periodic alimony as none of the factors set forth in S.C. Code
 Ann. section 20-3-130(C) (Supp. 2008) justify an award of alimony to Wife.
(5)  The family court erred in
 transmuting Husband's home into marital property because Wife failed to sustain
 her initial burden of establishing that the parties intended the home be
 transmuted into marital property.  
(6)  The family court erred in awarding
 Wife fifty percent of the marital estate because Husband made greater financial
 contributions during the marriage and each party maintained separate financial
 accounts.
STANDARD OF
 REVIEW
In appeals from the family
 court, this Court may find facts in accordance with its own view of the
 preponderance of the evidence.  Nasser-Moghaddassi v. Moghaddassi, 364
 S.C. 182, 189, 612 S.E.2d 707, 711 (Ct. App. 2005).  However, this broad scope
 of review does not require this Court to disregard the findings of the family
 court.  Id. at 189-90, 612 S.E.2d at 711.  Nor can we ignore the fact
 that the family court, who saw and heard the witnesses, was in a better
 position to evaluate their credibility and assign comparative weight to their
 testimony.  Cherry v. Thomasson, 276 S.C. 524, 525, 280 S.E.2d 541, 541
 (1981).  Moreover, our broad scope of review does not relieve the appellant of
 the burden of proving to this Court that the family court committed error.  Id.
LAW/ANALYSIS
I.  Motion for Continuance

Husband first contends the family court erred in denying his counsel's
 motion for continuance due to Husband's absence at the hearing.  We disagree.
 
 
Rule 40(i)(1), SCRCP, states: "As actions are
 called, counsel may request that the action be continued. If good and
 sufficient cause for continuance is shown, the continuance may be granted by
 the court."  As stated in the Rules, a motion for continuance is
 discretionary with the family court, and we will not disturb its ruling on
 appeal absent an abuse of that discretion.  Bridwell v. Bridwell, 279
 S.C. 111, 112, 302 S.E.2d 856, 858 (1983).
 
 
In requesting a continuance, Husband's counsel stated
 that Husband had forgotten about the hearing and his absence was due to
 "severe memory problems which [] manifested themselves at several points
 in this case."  Counsel explained that he had problems working with
 Husband and that Husband failed to bring several subpoenaed documents to his
 deposition on the grounds that he just "forgot" them.  Husband's
 counsel also stated on the record that Husband was aware of the hearing as
 counsel had talked with Husband about the upcoming hearing several times during
 the preceding week.  In opposing
 Husband's motion, Wife's counsel argued Husband's actions were typical of what
 Wife encountered throughout the case.  Wife's counsel stated that Husband
 wanted "everyone to believe that he has some great mental, physical
 problem that is causing him to do these things. [But] [t]hat is not the case,
 and I think if he were here that would be pretty evident."  
 
 While
 Husband now argues that portions of his deposition testimony substantiate his
 claim that he suffered from a mental infirmity, Husband's counsel did not seek
 to introduce Husband's deposition to establish the mental infirmity issue when
 counsel argued for a continuance.  Further, the only other testimony at the
 hearing regarding Husband's health was from Wife who testified that she did not
 believe Husband was in poor health.  While her testimony was elicited after the
 court's denial of Husband's motion for a continuance, Husband's counsel did not
 seek to clarify Wife's testimony or question her on whether Husband suffered
 from any memory issues during their marriage.  
 Husband
 additionally argues that his memory issues are evidenced by his failure to
 remember important dates and subpoenaed documents at his deposition.  However,
 Husband's presence at his deposition demonstrates that he was capable of
 remembering other key events involving the divorce litigation, and while
 Husband failed to bring the requested records, his excuse during the deposition
 was that "[he] didn't really read the subpoena. . . . [He] just saw it was
 a subpoena and [he] read down to, you know, the date."  It is Husband's
 burden to convince this Court that he demonstrated good and sufficient cause
 for a continuance before the family court.  See Shirley v. Shirley,
 342 S.C. 324, 329, 536 S.E.2d 427, 429 (Ct. App. 2000) (stating that this
 Court's broad scope of review does not relieve the appellant of his burden to
 demonstrate that the family court's findings were in error).  Because Husband failed to sustain this burden, we find
 the family court properly denied Husband's motion for a continuance.   
 II.  Evidentiary Issues
 Husband
 asserts that the family court committed two evidentiary errors, the first
 relating to the exclusion of Husband's deposition testimony and the second
 concerning the admission of Wife's attorney's fees information.  We disagree on
 both claims of error.  
 The
 admission of evidence is within the sound discretion of the family court.  See Gamble v. Int'l Paper Realty Corp. of S.C., 323 S.C. 367, 373, 474
 S.E.2d 438, 441 (1996). For this Court to reverse a case based on the improper
 admission or erroneous exclusion of evidence, the appellant must demonstrate
 error and prejudice.  Osterneck v. Osterneck, 374 S.C. 573, 579, 649
 S.E.2d 127, 131 (Ct. App. 2007).  
 A.  Husband's Deposition
 Testimony
 Husband
 first argues that the family court's exclusion of certain portions of Husband's
 deposition was prejudicial to Husband, particularly when Wife was permitted to
 reference the deposition and the excluded portions were necessary to rebut
 Wife's testimony.  We disagree. 
 At
 the final hearing, Husband's counsel attempted to read portions of Husband's
 deposition in response to Wife's statement that she did not recall Husband's
 prior testimony regarding his income.  In response, the family court told
 Husband's counsel that it would not permit Husband to bootstrap his deposition
 testimony to Wife's testimony when Wife already stated she did not recall what
 Husband was currently earning.    
 Husband
 now attempts to argue that this portion of his deposition should have been read
 into evidence because the Rules of Civil Procedure permit the introduction of a
 deposition when a witness is infirm or ill or when exceptional circumstances
 exist such that the interests of justice would be served by introducing the
 deposition.  Husband cites two subparts of Rule 32, SCRCP, in support of his
 argument.  Rule 32(a)(3), SCRCP, states: 
 
 The
 deposition of a witness, whether or not a party, may be used by any party for
 any purpose if the court finds: . . .  (C) that the witness is unable to attend
 or testify because of age, illness, infirmity, or imprisonment; or . . . (E) upon
 application and notice, that such exceptional circumstances exist as to make it
 desirable, in the interest of justice and with due regard to the importance of
 presenting the testimony of witnesses orally in open court, to allow the
 deposition to be used.

 As
 stated above, Husband has failed to sufficiently establish that he suffered
 from a mental infirmity or medical condition to warrant the admission of the
 deposition based on Rule 32(a)(3)(C).  Moreover, when Husband's counsel argued
 for a continuance based on Husband's memory issues, he did not attempt to
 introduce the deposition at that time to support his motion.  
 Husband's
 argument that the family court should have allowed the deposition based on
 exceptional circumstances is also unpersuasive.  First, to admit a deposition
 under Rule 32(a)(3)(E), a party must give notice to the family court that
 exceptional circumstances warrant the deposition being read in open court. 
 While Husband's counsel may not have known prior to the hearing that Husband
 would not attend, a plain requirement for application of this section is prior
 notice.  At no time before or even during the hearing did Husband's counsel
 argue for introduction of the deposition on this ground.  Second, Husband's
 absence at the hearing does not rise to the level of an "exceptional
 circumstance" to justify the deposition's admission, especially when
 Husband concedes that he had notice of the hearing.  Furthermore, both of the
 instances when Husband's counsel attempted to introduce portions of the
 deposition were in response to Wife's recollection, or lack thereof, about
 Husband's previous statements.  Husband cannot attempt to introduce testimony
 favorable to Husband by way of his deposition when Husband could have testified
 to the same had he been present at the hearing.  As such, the family court
 properly exercised its discretion in refusing to admit Husband's deposition.  
 B.   Admission of Attorney's
 Fees Affidavit
 Husband
 next claims that the family court erred in considering Wife's attorney's fees
 affidavit when Wife previously asserted that her fee evidence was
 attorney-client protected.[2] 
 We disagree.
 Husband's
 counsel objected to the introduction of Wife's attorney's fee affidavit before
 and during the hearing.  The family court overruled his objections, finding
 Husband never submitted a motion to withhold the issue of attorney's fees based
 on Wife's refusal to respond and noting that because Wife requested attorney's
 fees in her pleadings, it was proper to receive the affidavit into evidence.  
 The
 family court's rationale for accepting Wife's affidavit is well founded.  If
 Husband felt that Wife's refusal to respond to the discovery requests on this
 issue was so egregious as to warrant exclusion based on estoppel, Husband
 should have attempted to compel production of this information prior to the
 hearing.  See Rule 37(a), SCRCP ("[I]f a party, in response
 to a request for inspection submitted under Rule 34[] fails to respond . . . or
 fails to permit inspection as requested, the discovering party may move for an
 order compelling an answer . . . or an order compelling inspection in
 accordance with the request.").  Further, Wife's response to Husband's
 request to produce states, "[Wife] objects to this request under the
 attorney/client privilege, however, reserves the right to produce it at a
 later date or at the trial of this matter." (emphasis added).  Wife
 explicitly reserved the right to produce evidence on her attorney's fees at the
 final hearing, and as stated above, Husband never moved for any additional
 relief prior to the hearing.  Therefore, the family court's acceptance of Wife's
 attorney's fee affidavit at the final hearing was proper.
 III.  Permanent Periodic Alimony
 Husband
 contends the family court declined to consider the factors set forth in S.C.
 Code Ann. section 20-3-130(C) (Supp. 2008), which resulted in an improper award
 of permanent periodic alimony to Wife.  We agree.
 The
 decision to grant alimony and the amount granted are discretionary with the
 family court.  Williams v. Williams, 297 S.C. 208, 210, 375 S.E.2d 349,
 350 (Ct. App. 1998).  Alimony is a substitute for support which is normally
 incident to the marital relationship, and all facts and circumstances disclosed
 by the record should be considered.  Lide v. Lide, 277 S.C. 155, 157,
 283 S.E.2d 832, 833 (1981).  
 Section
 20-3-130(c) sets forth thirteen factors which "must be
 weighed" when determining alimony.  Epperly v. Epperly, 312 S.C.
 411, 415, 440 S.E.2d 884, 886 (1994) (emphasis in original). These factors
 include: (1) the duration of the marriage and the ages of the parties at the
 time of the marriage and separation; (2) the physical and emotional condition
 of each spouse; (3) the educational background of each spouse and the need for
 additional education; (4) the employment history and earning potential of each
 spouse; (5) the standard of living established during the marriage; (6) the
 current and reasonably anticipated income of each spouse; (8) the marital and
 nonmarital properties of the parties; (9) the custody of any children; (10)
 marital misconduct or fault; (11) the tax consequences of the award; (12) the
 existence of support obligations to a former spouse; and (13) other factors the
 court considers relevant.  § 20-3-130(c); see Patel v. Patel, 347
 S.C. 281, 290, 555 S.E.2d 386, 390 (2001).  No one factor should be considered
 dispositive.  Lide, 277 S.C. at 157, 283 S.E.2d at 833.  
 Family
 Court Rule 26(a) requires "[a]n order of judgment pursuant to an
 adjudication in a domestic relations case [to] set forth the specific findings
 of fact and conclusions of law to support the court's decision."  Rule
 26(a), SCRFC.  When an order is issued in violation of Rule 26(a), this Court
 may remand the matter to the family court or, when the record is sufficient,
 make its own findings of fact in accordance with the preponderance of the
 evidence.  Holcombe v. Hardee, 304 S.C. 522, 524, 405 S.E.2d 821, 822
 (1991) (internal citations omitted).    
 With
 regard to alimony, the family court stated in its order, "[Wife] shall be
 awarded the sum of Three Hundred Fifty-Three and no/100ths ($353.00) Dollars
 per month in permanent, periodic alimony, terminable only upon the death or
 remarriage of [Husband]."  The family court failed to reference any
 circumstances between the parties that would warrant an award of permanent
 periodic alimony or discuss any of the elements from section 20-3-130(C) in
 making its award.  Therefore, we reverse the alimony award and remand the
 matter for the determination of Wife's entitlement to alimony based on a
 consideration of all relevant statutory factors.  See Fuller v.
 Fuller, 370 S.C. 538, 550-51, 636 S.E.2d 636, 643 (Ct. App. 2006) (remanding
 determination of alimony based on failure of family court to set forth specific
 findings to support award).
 IV.  Transmutation
 Husband
 argues the family court erred in classifying the home in which the parties
 lived during the marriage as marital property.  We agree.
 Identification
 of marital property is controlled by the provisions of the Equitable
 Apportionment of Marital Property Act (the Act).  Johnson v. Johnson, 296 S.C. 289, 294, 372
 S.E.2d 107, 110 (Ct. App. 1988).  The Act defines marital property as all real
 and personal property acquired by the parties during the marriage which is
 owned as of the date of filing or commencement of marital litigation,
 regardless of how legal title is held.  S.C. Code Ann. § 20-3-630(A) (Supp.
 2008).[3] 
 Under the Act, property acquired by either party before the marriage is
 nonmarital property.  S.C. Code Ann. § 20-3-630(2) (Supp. 2008); see also Sauls v. Sauls, 287 S.C. 297, 300, 337 S.E.2d 893, 895 (Ct. App. 1985). 
  
 The
 spouse claiming an equitable interest in property upon dissolution of the
 marriage has the burden of proving the property is part of the marital estate.  Johnson,
 296 S.C. at 294, 372 S.E.2d at 110.  If a spouse carries this burden, a prima
 facie case is established that the property is marital property.  Id.  If
 the opposing spouse then wishes to claim that the property is not part of the
 marital estate, that spouse has the burden of presenting evidence to establish
 its nonmarital character.  Miller v. Miller, 293 S.C. 69, 71, 358 S.E.2d
 710, 711 (1987).  If the opposing spouse can show that the property was
 acquired before the marriage or falls within a statutory exception, this rebuts
 the prima facie case for its inclusion in the marital estate.  Johnson,
 296 S.C. at 295, 372 S.E.2d at 110.   
 Even
 if property is nonmarital, it may be transmuted into marital property during
 the marriage.  Id.  Transmutation occurs if the property is utilized in
 support of the marriage, becomes so co-mingled as to be untraceable, or is
 utilized in such a manner as to evidence an intent to make it marital property.  Canady v. Canady,
 296 S.C. 521, 523-24, 374 S.E.2d 502, 503-04 (Ct. App. 1988).  Although one
 spouse acquires legal title to property, the discharge of indebtedness by both
 the husband and wife may transmute the property into marital property.  Wyatt
 v. Wyatt, 293 S.C. 495, 497, 361 S.E.2d 777, 779 (Ct. App. 1987).  Transmutation
 is a matter of intent to be gleaned from the facts of each case, and the spouse
 claiming transmutation must show that, during the marriage, the parties
 themselves regarded the property as the common property of the marriage.  Johnson,
 296 S.C. at 295, 372 S.E.2d at 110-11. 
 Evidence
 of intent to transmute nonmarital property may include placing the property in
 joint names, transferring the property to the other spouse as a gift, using the
 property exclusively for marital purposes, commingling the property with marital
 property, using marital funds to build equity in the property, or exchanging
 the property for marital property.  Id. at 295, 372 S.E.2d at 111.  The mere use of separate property to support the marriage,
 without some additional evidence of intent to treat it as property of the
 marriage, is not sufficient to establish transmutation.  Greene v. Greene,
 351
 S.C. 329, 338, 569 S.E.2d 393, 398 (Ct.
 App. 2002).
 Shortly
 before Husband and Wife married, Husband purchased the remaining interest in
 his late parents' home from his siblings.  The home was at all times titled in
 Husband's name, Husband was solely responsible for discharging the debt on the
 home, and the mortgage payments to discharge the debt were drawn from Husband's
 separate checking account.  Wife testified that her presence in the home during
 their marriage and her contributions to the upkeep and maintenance of the home
 entitled her to share in the home's equity.  However, the record does not show
 that her contributions were significant enough to transmute the property, and
 the family court fails to set forth any findings in its order to clarify this
 issue.  While Wife made contributions to the home by paying household expenses,
 cleaning, helping to remodel and update the home, taking out the trash, and
 doing yard work, Wife failed to produce evidence that an appreciable amount of
 marital funds were expended on these improvements.  See Murray v.
 Murray, 312 S.C. 154, 158, 439 S.E.2d 312, 315 (Ct. App. 1994) (in denying the
 wife's claim for transmutation, this Court found she failed to present evidence
 that any appreciable amount of marital funds was expended on improvements to
 the husband's home and rental properties as the wife's efforts were largely
 routine duties such as cleaning and painting).  
 Further,
 Wife's own statements do not indicate that she believed the home was a shared
 asset of the parties.  Wife stated three separate times at the final
 hearing that Husband's only contribution in support of her and her daughters
 was that "[Husband] gave [her] a place to live."  Without further
 evidence of a shared intent to transform the home into a marital asset, Wife's
 and her daughters' presence in the home during the marriage is not sufficient
 to establish transmutation.  Johnson, 296 S.C. at 295-96, 372
 S.E.2d at 111 ("The mere use of separate property to support the marriage,
 without some additional evidence of intent to treat it as property of the
 marriage, is not sufficient to establish transmutation.").  As such, the
 home was not transmuted into marital property; thus, its inclusion in the
 marital estate was error.  
 Despite our finding that the home is Husband's
 nonmarital property, if Wife can present evidence on remand that she
 contributed to the home's appreciation during their marriage, she may be
 entitled to share in any appreciation of the home resulting from her
 contributions.  See Murray, 312 S.C. at 161-62, 439 S.E.2d at 317
 (noting that while marital home was not transmuted, family court properly awarded
 special equity in the home to the wife based on her direct and indirect
 contributions); Webber v. Webber, 285 S.C. 425, 428, 330 S.E.2d 79, 81
 (Ct. App. 1985) (citing Anderson v. Anderson, 282 S.C. 163, 164, 318
 S.E.2d 566, 567 (1984) ("A spouse has an equitable interest in
 improvements to property to which he or she contributed, even if the property
 is nonmarital.").  
 Regarding the value and nature of Wife's contributions
 to the home, no specific testimony exists on how her services and contributions
 affected the value of the home.  See Murray, 312 S.C. at 158, 439
 S.E.2d at 315.  Wife testified that she cleaned, mopped, washed windows, took
 the garbage out, mowed the lawn, and assisted in remodeling and upgrading the
 house.  However, Wife had no concrete figures on the appreciation of the home
 as a result of her efforts.  Because the record is devoid of any evidence on
 the initial value of the home, its appreciation during the marriage, or the
 fair market value of the home on the date of divorce, we remand with
 instructions for additional findings on these factors before determining
 whether Wife is entitled to an equitable interest in the home.  See Webber,
 285 S.C. at 428, 330 S.E.2d at 81 (finding home was nonmarital but remanding
 issue of whether the wife had an equitable interest in improvements to home
 based on the extent of her contribution).  Consequently, the apportionment of
 the marital estate should be remanded and redetermined consistent with this
 portion of the opinion.
 V.  Division of Marital Estate
 Husband
 last argues that the family court erred in awarding Wife half of the marital
 estate because his contributions were greater than those of Wife.  We disagree.
 The
 apportionment of marital property is within the discretion of the family court
 and will not be disturbed on appeal absent an abuse of discretion.  See Morris
 v. Morris, 295 S.C. 37, 39, 367 S.E.2d 24, 25 (1988). South Carolina Code
 Ann. § 20-3-620(B) (Supp. 2008) provides that the family court must consider
 fifteen factors in apportioning the marital estate and give each factor its
 proper weight.[4]  On review, this Court looks to the fairness of the overall apportionment, and
 if the end result is equitable, the fact that this Court might have weighed
 specific factors differently than the family court is irrelevant.  Johnson,
 296 S.C. at 300, 372 S.E.2d at 113; Doe v. Doe, 324 S.C.
 492, 502-03, 478 S.E.2d 854, 859 (Ct. App. 1996) (stating that the reviewing
 court will affirm the family court's apportionment of marital property if it
 can be determined that the court addressed the relevant statutory factors with
 sufficiency for the reviewing court to conclude the family court was cognizant
 of the statutory factors).
 In this case, the overall
 distribution of the marital estate was equitable.  While the family court did
 not make in-depth findings, the order stated that the 50/50 split was based on
 the duration of the marriage and the direct and indirect contributions of each
 party. While not all relevant factors appear to have been considered, we find
 based on our view of the evidence that the apportionment was fair as the
 parties were married for eleven years, neither party had minor children to
 financially support on the date of divorce, and neither was at fault in causing
 the dissolution of the marriage.  See Perry v. Perry, 301 S.C.
 147, 152, 390 S.E.2d 480, 483 (Ct. App. 1990) (holding that although the family
 court failed to make appropriate findings regarding the equitable apportionment
 factors, the property division was fair and equitable).  While Wife's testimony
 indicates Husband made more direct contributions to the acquisition of assets
 in the marital estate, there is also testimony that shows that Wife made
 indirect, quality contributions to the preservation of the marital estate. 
 Additionally, while Husband may not have been employed on the date of the final
 hearing, the record indicates that both parties' earning potentials were
 relatively commensurate.  Based on these considerations, we find the 50/50
 division of the marital estate was fair and reasonable.  
 conclusion
 Based
 on the foregoing, we affirm the family court's denial of Husband's motion for a
 continuance and its ruling on the two evidentiary issues.  We reverse the
 family court on the transmutation issue but remand for additional findings on whether
 Wife is entitled to a special equity interest in the home.  We also reverse and
 remand the issue of alimony for further findings based on section 20-3-130(C). 
 Last, we affirm the 50/50 division of the marital estate.  
 Accordingly, the family court's order is
 AFFIRMED IN
 PART, REVERSED IN PART, and REMANDED.
 THOMAS,
 GEATHERS, JJ., and CURETON, A.J., concur.

[1] Husband's financial declaration was submitted on June
 22, 2004, approximately two months before his employment ended with Bi-Lo. 
 Wife did not submit a financial declaration until March 29, 2006, the day
 before the final hearing.  Wife omitted her $300 monthly salary with the South
 Carolina Credit Union in her declaration, which she acknowledged at the final
 hearing.   
[2] Husband contests
 the award of attorney's fees based only on his claim that the family court
 should not have considered her attorney's fee affidavit as the basis for the
 award.  Nowhere does Husband argue that the family court erred in determining whether to award fees pursuant to E.D.M. v. T.A.M., 307 S.C. 471, 415 S.E.2d 812
 (1992), or in determining the amount of attorney's fees pursuant to Glasscock
 v. Glasscock, 304 S.C. 158, 403 S.E.2d 313 (1991).  See Griffith
 v. Griffith, 332 S.C. 630, 645, 506 S.E.2d 526, 534 (Ct. App. 1998)
 (finding the family court erred in awarding attorney's fees when it failed to
 set forth specific findings of fact on the record about each of the required
 factors from Glasscock).  Because Husband failed to appeal Wife's
 entitlement to an award of attorney's fees or the amount of attorney's fees
 based on insufficient findings of fact, the award of attorney's fees is the law
 of the case.  See In re Morrison, 321 S.C. 370 n.2, 468 S.E.2d
 651 n.2 (1996) (an unappealed ruling becomes the law of
 the case and precludes further consideration of the issue
 on appeal); Griffith, 332
 S.C. at 646, 506 S.E.2d at 534 (finding whether the wife was entitled to attorney's
 fees was not appealed and therefore was law of the case).
[3] Section 20-3-630 was formerly section 20-7-473. 
[4] Section 20-3-620 was formerly section 20-7-472.