**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David G. Hubbard, Appellant,

v.

Gail D. Hubbard, Respondent.

Appellate Case No. 2012-212941

———————

Appeal From Oconee County
James A. Spruill, Family Court Judge

———————

Unpublished Opinion No. 2014-UP-274
Heard June 10, 2014 – Filed June 30, 2014

———————

**AFFIRMED**

———————

John S. Nichols, of Bluestein, Nichols, Thompson & Delgado, LLC, of Columbia, and Julian L. Stoudemire, of Stoudemire & Sprouse, P.A., of Seneca, for Appellant.

Sarah G. Drawdy, of Byrholdt Drawdy, LLC, of Anderson, for Respondent.

———————

**PER CURIAM:** David G. Hubbard (Husband) filed this action against Gail D. Hubbard, seeking a divorce, equitable apportionment of marital property, and other relief. The family court granted a divorce, apportioned the marital property 50/50,

and ordered each party to be responsible for his or her own attorney's fees. Husband appeals, arguing the family court erred in the following rulings: (1) including a certificate of deposit (CD) worth $100,000 in the marital estate; (2) finding $110,000 in cash in the parties' home safe was marital property; and (3) apportioning the marital estate 50/50. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to Husband's argument the family court erred in including the CD in the marital estate, we find the parties' actions during their marriage demonstrate they intended the CD to be marital property. *See Wilburn v. Wilburn*, 403 S.C. 372, 384, 743 S.E.2d 734, 740 (2013) ("Property that is nonmarital when acquired may be transmuted into marital property if it becomes so commingled with marital property that it is no longer traceable, is titled jointly, or is used by the parties in support of the marriage or in some other way that establishes the parties' intent to make it marital property."); *Peterkin v. Peterkin*, 293 S.C. 311, 313, 360 S.E.2d 311, 313 (1987) (finding husband's non-marital property was transmuted into marital property because the asset and the income generated therefrom was used in support of the marriage).

2.      As to Husband's argument the family court erred in finding $110,000 in cash in the parties' home safe was marital property, we find no error. *See* S.C. Code Ann. § 20-3-630 (2014) ("'[M]arital property' . . . means all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation . . . ."); *Lewis v. Lewis*, 392 S.C. 381, 385-86, 709 S.E.2d 650, 651-52 (2011) (explaining although appellate review of the family court's findings is *de novo*, the appellate court is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); *id.* at 384-85, 709 S.E.2d at 652 (stating the burden is upon the appellant to convince the appellate court that the family court erred in its findings).

3.      As to Husband's argument the family court erred in apportioning the marital estate 50/50, we find no error. *See* S.C. Code Ann. § 20-3-620(B) (2014) (providing the appropriate factors to consider when making an equitable distribution award); *Mallett v. Mallett*, 323 S.C. 141, 150, 473 S.E.2d 804, 810 (Ct. App. 1996) ("The doctrine of equitable distribution is based on a recognition that marriage is, among other things, an economic partnership."); *id.* (providing distribution of marital property should fairly reflect each spouse's contribution to

its acquisition); *Lewis*, 392 S.C. at 385, 709 S.E.2d at 652 (stating the burden is upon the appellant to convince this court that the family court erred in its findings).

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**