682 S.E.2d 37

**Aletha Jean EDWARDS, Respondent,**

**v.**

**Samuel Earle EDWARDS, Appellant.**

**No. 4568.**

Court of Appeals of South Carolina.

Heard Feb. 4, 2009.

Decided June 17, 2009.

180

J. Falkner Wilkes, of Greenville, for Appellant.

Robert L. Waldrep, Jr., of Anderson, for Respondent.

LOCKEMY, J.

In this domestic action, Samuel Edwards (Husband) appeals the family court's order awarding Aletha Edwards (Wife) minimum wage income and permanent alimony. Additionally, Husband argues the family court erred in (1) finding his life estate in a produce stand was transmuted into marital property and (2) qualifying and accepting the business valuation of Wife's expert witness. We affirm in part, reverse in part, and remand.

## FACTS

Husband and Wife were married on July 18, 1996, and after nine years of marriage, the couple separated. Husband and Wife had no children together. Subsequently, Wife filed for divorce on May 2, 2006, on the ground of adultery.

Husband and Wife began their relationship in North Carolina in 1992. In 1994, the parties moved their mobile home onto property owned by Husband's father located on Highway 25 in Greenville County. Husband and Wife lived in the mobile

home with Wife's minor son and Husband's minor son and daughter. Husband's father died in 1995, and devised a life estate in both a seventeen acre tract and a thirty-two acre tract in Greenville County to Husband. In 1995, Husband and Wife began operating a produce stand on the seventeen acre tract of land. In 1998, Husband and Wife built a new stand to house the produce business.

On July 2, 2007, the family court granted Wife a divorce on the ground of adultery and ordered to Husband pay Wife $500 in monthly alimony, and $500 in monthly minimum wage income for twenty-five years. The family court also found Wife was entitled to a one-fourth interest in the leasehold income from a cellular tower and a one-fourth interest in a Certificate of Deposit with a current value of $20,000. Additionally, the family court ordered Husband to pay Wife $2,000 in attorneys' fees and costs. This appeal followed.

## STANDARD OF REVIEW

"In appeals from the family court, this court may find facts in accordance with its own view of the preponderance of the evidence." *Arnal v. Arnal,* 363 S.C. 268, 280, 609 S.E.2d 821, 827 (Ct.App.2005). However, "[q]uestions concerning alimony rest with the sound discretion of the [family] court, whose conclusions will not be disturbed absent a showing of abuse of discretion." *Kelley v. Kelley,* 324 S.C. 481, 485, 477 S.E.2d 727, 729 (Ct.App.1996). "The [family] court abuses its discretion when factual findings are without evidentiary support or a ruling is based upon an error of law." *Smith v. Doe,* 366 S.C. 469, 474, 623 S.E.2d 370, 372 (2005).

Generally, the family court has the discretion to determine whether a witness is qualified as an expert, and whether his opinion is admissible on a fact in issue. *Altman v. Griffith,* 372 S.C. 388, 400, 642 S.E.2d 619, 625 (Ct.App.2007). On appeal, the family court's ruling to exclude or admit expert testimony will not be disturbed absent a clear abuse of discretion. *Id.* "Defects in an expert witness' education and experience go to the weight, not the admissibility, of the expert's testimony." *Peterson v. Nat'l R.R. Passenger Corp.,* 365 S.C. 391, 399, 618 S.E.2d 903, 907 (2005).

184

## LAW/ANALYSIS

### I. Transmutation of produce stand

Husband argues the family court erred in awarding Wife an interest in Husband's life estate in the produce stand. We disagree.

Husband argues Wife's use of nonmarital property in support of the marriage alone is insufficient to establish transmutation. He relies on *Peterkin v. Peterkin*, where the court held mere use of income derived from nonmarital property in support of the marriage does not transmute it into marital property. 293 S.C. 311, 313, 360 S.E.2d 311, 313 (1987). Moreover, this court has ruled: "The mere use of separate property to support the marriage, without some additional evidence of intent to treat it as property of the marriage, is not sufficient to establish transmutation." *Johnson v. Johnson*, 296 S.C. 289, 295–96, 372 S.E.2d 107, 111 (Ct.App.1988).

"Transmutation is a matter of intent to be gleaned from the facts of each case." *Jenkins v. Jenkins*, 345 S.C. 88, 98, 545 S.E.2d 531, 537 (Ct.App.2001). "The spouse claiming transmutation must produce objective evidence showing that, during the marriage, the parties themselves regarded the property as the common property of the marriage." *Johnson*, 296 S.C. at 295, 372 S.E.2d at 110–11. "Such evidence may include placing the property in joint names, transferring the property to the other spouse as a gift, using the property exclusively for marital purposes, commingling the property with marital property, using marital funds to build equity in the property, or exchanging the property for marital property." *Id.*

Generally, property acquired by either party by inheritance, devise, bequest or gift from a party other than the spouse is nonmarital property. S.C.Code Ann. § 20–3–630(A)(1) (Supp.2008). "[N]onmarital property may be transmuted into marital property if: (1) it becomes so commingled with marital property as to be untraceable; (2) it is jointly titled; or (3) it is utilized by the parties in support of the marriage or in some other manner so as to evidence an intent by the parties to make it marital property." *Jenkins*, 345 S.C. at 98, 545 S.E.2d at 537.

Here, the family court found (1) the jointly owned Certificate of Deposit ($20,000.00), (2) the income from the cellular tower lease, and (3) the life estate in the produce business were all transmuted to marital property "by their title and use in support of the marriage." Although there is no evidence the disputed property was ever jointly titled, evidence supports the family court's determination that the property was used by the parties in support of the marriage.

■ Profits from the produce stand along with rental income from the cellular tower provided Husband and Wife their main sources of income. Additionally, the parties intended to treat the produce stand as property of the marriage and used the income from the produce stand to provide for their family. In turn, the parties used marital funds to build equity in the produce stand. Wife testified she and Husband used income generated by the produce stand to construct the new stand.

Husband admits the parties' main source of income came from the produce stand and rental income from the cellular tower. Husband testified the parties "lived off" the income generated by the produce stand. Wife worked seven days a week during the produce stand's thirty-two week selling season. Her responsibilities included running the cash register, purchasing inventory, and unloading produce. Wife testified she ran the daily operations of the produce stand with the help of several workers until two years before the parties separated, when she operated the business on her own. Wife did not receive any wages for her work at the produce stand. Furthermore, the building permits obtained for the construction of the produce stand named both Husband and Wife as owners of the property.

Because the parties utilized the produce stand in support of their marriage and demonstrated their intent to treat it as marital property, we find the family court did not err in determining the produce stand was transmuted into marital property, and we affirm its finding.

## II. Expert testimony as to business valuation of the produce stand

Husband argues the family court erred in qualifying Wife's

expert witness. We disagree.[1]

Generally, the family court has the discretion to determine whether a witness has qualified as an expert, and whether his opinion is admissible on a fact in issue. *Altman v. Griffith,* 372 S.C. 388, 400, 642 S.E.2d 619, 625 (Ct.App.2007). Pursuant to Rule 702, SCRE: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." On appeal, the family court's ruling to exclude or admit expert testimony will not be disturbed absent a clear abuse of discretion. *Altman,* 372 S.C. at 400, 642 S.E.2d at 625. "Defects in an expert witness' education and experience go to the weight, not the admissibility, of the expert's testimony." *Peterson v. Nat'l R.R. Passenger Corp.,* 365 S.C. 391, 399, 618 S.E.2d 903, 907 (2005).

In the present case, Husband objected to the expert's testimony based on surprise and lack of qualification as an expert. Husband argued Wife failed to disclose that expert testimony would be offered as to the valuation of the produce stand. The family court overruled the failure to disclose objection because "any surprise ... should have been overcome from the standpoint that the value of this produce stand is really pivotal to the litigation to the [family] [c]ourt." Thereafter the family court qualified Wife's expert, Ken Walker, a certified real estate appraiser, concerning the valuation of the business.

Walker testified he began appraising real estate in the 1970s and has worked in real estate since that time. He is certified in South Carolina as a real estate appraiser and has taken ninety hours of classes regarding valuations of a life estate. Walker testified he has performed fifty to one hundred real estate appraisals per year for the last twenty to twenty-five years and has testified in numerous court proceedings. Walker acknowledged he had never testified in court as to the value of a life estate and had never valued a produce

---

1. Based upon our disposition of this issue and the following issue, we need not address Husband's argument the family court erred in accepting the expert's valuation of the parties' business.

stand business. However, he had valued buildings or structures like the produce stand many times.

The family court did not abuse its discretion in qualifying Walker as an expert based on his specialized knowledge in valuing real estate. Further, Walker was thoroughly questioned regarding his credentials and education. Husband's basis for his objection to Walker's qualifications was that Walker had never testified as to the value of a life estate and had never valued a produce stand. However, these assertions would merely go the weight of his testimony and not its admissibility. *See Peterson*, 365 S.C. at 399, 618 S.E.2d at 907 ("[D]efects in an expert witness' education and experience go to the weight, not the admissibility, of the expert's testimony."). Therefore, we see no error in the family court's qualification of Walker as an expert.

## III. Equitable division of minimum wage income

 Husband argues the family court's award of $500 per month in minimum wage income for twenty-five years to Wife constitutes future support and is improper as part of the equitable division of the marital estate. We believe Wife is entitled to a portion of the produce stand's present value rather than $500 in monthly income. Therefore, we reverse and remand on this issue.

In its final order, the family court found Wife was entitled to $500 per month for twenty-five years for her services and labor at the parties' produce stand. The order further provided:

(1) Alternatively, [Wife] is entitled to continue to use the property as a produce stand or comparable business in partnership with [Husband] on an equal basis.

(2) If [Husband] should choose not to be in partnership with the [Wife], [Wife] may run it herself or develop partnership with third party(ies) with silent financing to the said business. [Wife] shall recoup all upfront costs and divide net proceeds one-fourth (1/4) with [Husband] on an annual basis. [Husband] shall be entitled to full ongoing disclosure without interference in [Wife's] daily operation.

We see several problems with the family court's order. The family court does not indicate its basis for awarding Wife $500 in monthly minimum wage income. Furthermore, it is unclear from the family court's order whether or not Wife would have to work at the produce stand in order to receive the monthly $500. The current ruling of the family court requires continued monitoring of the produce stand as a business, and it remains unclear whether the produce stand will continue to be profitable.

Instead, we believe the family court should value Wife's interest in the produce stand rather than awarding her a monthly minimum wage income. This approach eliminates future conflicts between the parties and uncertainties that could arise in running a business. Accordingly, we reverse the family court's award of $500 in monthly minimum wage income and remand the issue to the family court for a valuation. On remand, we find both parties should have an opportunity to put forth evidence, either in the form of tax returns or expert testimony, to show the produce stand's value. Once the family court assigns value to the property, in its discretion, the family court shall award Wife an appropriate portion of the produce stand's net present value as an equitable division award.

### IV. Permanent alimony

Husband argues the family court failed to consider the employment history and earning potential of each spouse in awarding Wife $500 in alimony. Based on our decision to award Wife an interest in the produce stand, we remand the issue of permanent alimony to the family court for reconsideration. *Josey v. Josey,* 291 S.C. 26, 33, 351 S.E.2d 891, 895–96 (Ct.App.1986) (finding the family court may consider the amount received in equitable distribution when determining an alimony award). On remand, the family court should consider the factors set forth in section 20–3–130(C) of the South Carolina Code (Supp.2008) in making an alimony determination. Accordingly, without deciding whether to award alimony or an alimony amount we remand this issue to the trial court.

## CONCLUSION

We affirm the family court's finding that the produce stand was transmuted into marital property, and its qualification of Wife's expert witness. Additionally, we remand the award of alimony to the family court for reconsideration. On the issue of monthly minimum wage income, we reverse and remand. On remand, the family court shall value the produce stand and in its discretion, award Wife an appropriate portion of the produce stand's net present value as an equitable division award. Accordingly, the family court's decision is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

HEARN, C.J., and PIEPER, J., concur.