**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jean Herring-Wilson, Appellant,

v.

Michael A. Wilson, Respondent.

Appellate Case No. 2013-000858

———————————

Appeal From Charleston County
Jack A. Landis, Family Court Judge

———————————

Unpublished Opinion No. 2015-UP-356
Heard November 12, 2014 – Filed July 15, 2015

———————————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————————

Donald Bruce Clark, of Donald B. Clark, LLC, of Charleston, for Appellant.

J. Michael DeTreville, of DeTreville Law & Mediation, LLC, of Charleston, for Respondent.

———————————

**PER CURIAM:** Jean Herring-Wilson (Wife) appeals the family court's qualification of an expert, valuation of a marital business, apportionment of marital assets and debts, requirement Wife make payments on the marital home and certain

debts, and award of attorney's fees, expert fees, and private investigator fees to Michael A. Wilson (Husband).  We affirm in part, reverse in part, and remand.

1.  We agree with Wife's argument the family court erred in valuing Jeanie's Home Services at $603,000.  *See Brandi v. Brandi*, 302 S.C. 353, 357, 396 S.E.2d 124, 126 (Ct. App. 1990) (stating when valuing marital property, a business should be valued at its fair market value as a going concern); *Reid v. Reid*, 280 S.C. 367, 373, 312 S.E.2d 724, 727 (Ct. App. 1984) ("A property's 'fair market value' is the amount of money which a purchaser willing but not obligated to buy the property would pay an owner willing but not obligated to sell it, taking into account all uses to which the property is adapted and might in reason be applied."); *Casey v.* Casey, 293 S.C. 503, 504, 362 S.E.2d 6, 7 (1987) ("When the goodwill in a business is dependent upon the owner's future earnings, it is too speculative for inclusion in the marital estate.").  Husband's expert, Mark Bemis, testified he used a discounted cash flow valuation mode in determining Jeanie's Home Services had a value of $603,000.  He admitted this value was not what someone would be willing to pay for the business.  Wife testified she believed the business was worth the value of its equipment less its credit card debt.  Jeanie's Home Services did not have contracts with its clients.  Wife stated she was the goodwill of the business.  Husband's initial financial declarations did not include a value for Jeanie's Home Services as an asset.  Bemis's valuation was not based on the fair market value of the business as required by South Carolina law.  On the other hand, Wife, as the owner of the business, was qualified to testify as to her valuation of the business.  *See State v. Brown*, 402 S.C. 119, 129, 740 S.E.2d 493, 498 (2013) ("Under South Carolina law, a property owner is generally qualified by the fact of ownership to give her estimate concerning the value of her property unless the owner's lack of qualification is so complete as to render that testimony entirely worthless."). Wife's testimony the business had no value was consistent with Husband's initial financial declarations, which did not list Jeanie's Home Services as an asset of the marital estate.  Accordingly, we find the value of Jeanie's Home Services, less the value of the equipment given to Husband, was zero.[1]

---

[1] Although we find the family court erred in adopting Bemis's valuation, we find no error in the family court's qualification of Bemis as an expert.  *See Edwards v. Edwards*, 384 S.C. 179, 186, 682 S.E.2d 37, 41 (Ct. App. 2009) (stating defects in the education and experience of an expert witness go to the weight, not the admissibility, of the expert's testimony).

2.  We agree with Wife's argument the family court erred in awarding Husband expert witness fees.  *See Chastain v. Chastain*, 381 S.C. 295, 306, 672 S.E.2d 108, 114 (Ct. App. 2009) (stating the same considerations that apply to awarding attorney's fees also apply to awarding litigation expenses).  As we find the family court erred in valuing Jeanie's Home Services based on Bemis's testimony, this testimony did not provide Husband with any beneficial results.  Accordingly, we reverse the award of expert fees for Bemis.

3.  We agree with Wife's argument the family court erred in its apportionment of the marital assets and debts.  While we find the family court correctly ordered an even division of the assets and debts, due to our holding the court erred in its valuation of Jeanie's Home Services, we remand the matter to the family court to affect a fifty percent-fifty percent distribution of the assets and debts and to determine how much of the debts Wife has paid and how she may be reimbursed for Husband's fifty percent share of the payments.

4.  We agree with Wife's argument the family court erred in ordering Wife to make all the mortgage, insurance, and tax payments on the marital home until it sold even though the court allowed Husband to live in the home.  We hold Husband should be responsible for these payments for the time he has lived in the marital home.  We therefore remand to the family court for a determination of how many payments Wife made pursuant to this provision and how such payments may be refunded to her by Husband.  The family court may reconsider Husband's continued use of the home and how his use may be affecting the potential sale of the home.

5.  We disagree with Wife's argument the family court erred in awarding Husband $2,500 in fees for the private investigator Husband hired to corroborate her adultery.  *See Chastain*, 381 S.C. at 306, 672 S.E.2d at 114 (stating the same considerations that apply to awarding attorney's fees also apply to awarding litigation expenses); *id.* ("Reimbursable expenses include reasonable and necessary expenses incurred in obtaining evidence of a spouse's infidelity.").  Wife refused to admit her adultery in court until she was granted transactional immunity by the Solicitor's Office.  By then, Husband had incurred the fees.  Wife initially sought a divorce on the grounds of Husband's habitual drunkenness but later asked for the divorce on the ground of one year's separation.  The family court, however, granted Husband's request for a divorce on the ground of Wife's adultery.  As the family court found the private investigator's testimony relevant, we hold the family court did not abuse its discretion in awarding Husband his private investigator's fees.

6.  Considering our disposition of the above issues, we remand the issue of an award of attorney's fees to the family court.  *See Eason v. Eason*, 384 S.C. 473, 482, 682 S.E.2d 804, 808 (2009) (holding the family court should reconsider the issue of attorney's fees on remand based on the appellate court's disposition of another issue on appeal); *Patel v. Patel*, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004) ("In determining whether to award attorney's fees, the court should consider each party's ability to pay his or her own fee; the beneficial results obtained by the attorney; the parties' respective financial conditions; and the effect of the fee on each party's standard of living.").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**