**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Kari Lynn Pierce, Respondent,

v.

Joseph Allen Pierce, Appellant.

Appellate Case No. 2018-001783

———————

Appeal From Dorchester County
Anne Gue Jones, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-240
Submitted April 1, 2021 – Filed June 30, 2021

———————

**AFFIRMED**

———————

Ben F. Mack, of Devane & Mack, and Kyle Leo Ward, of Templeton Mims & Ward, LLC, both of Summerville, for Appellant.

Gregory Samuel Forman, of Gregory S. Forman, PC, of Charleston, for Respondent.

———————

**PER CURIAM:** Kari Lynn Pierce (Wife) filed this divorce action against Joseph Allen Pierce (Husband) seeking, *inter alia*, equitable distribution. Husband appeals, arguing the family court erred (1) by not allowing his real estate appraiser to testify as an expert; (2) by not considering his appraiser's valuation of

commercial real estate; (3) by giving greater weight to the opinion of Wife's real estate appraiser; and (4) in calculating the equitable division of marital debt. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      The family court did not err in failing to qualify Husband's witness as an expert or in its consideration of the witness's valuation of the parties' commercial property. *See High v. High*, 389 S.C. 226, 236, 697 S.E.2d 690, 695 (Ct. App. 2010) ("It is within the family court's discretion to determine whether a witness is qualified as an expert and whether his or her opinion is admissible on a fact in issue."); *id.* ("On appeal, the family court's ruling to exclude or admit expert testimony will not be disturbed absent a clear abuse of discretion." (quoting *Edwards v. Edwards*, 384 S.C. 179, 183, 682 S.E.2d 37, 39 (Ct. App. 2009))); *Teseniar v. Prof'l Plastering & Stucco, Inc.*, 407 S.C. 83, 92–93, 754 S.E.2d 267, 272 (Ct. App. 2014) (explaining any error by a trial court in qualifying or refusing to qualify a witness as an expert is subject to a prejudice analysis).

2.      The family court did not err by giving greater weight to the opinion of Wife's real estate appraiser.[1] *See Lewis v. Lewis*, 392 S.C. 381, 393, 709 S.E.2d 650, 656 (2011) ("The family court has broad discretion in valuing the marital property. A family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented." (quoting *Pirri v. Pirri*, 369 S.C. 258, 264, 631 S.E.2d 279, 283 (Ct. App. 2006))); *id.* at 391–92, 709 S.E.2d at 655 (explaining that although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court was in a better position to evaluate witness credibility and assign comparative weight to their testimony); *id.* at 392, 709 S.E.2d at 655 (noting an appellant bears the burden of proving the greater weight of evidence is against the family court's findings).

3.      The family court did not err in calculating the equitable division of marital debt. *See Wooten v. Wooten*, 364 S.C. 532, 546, 615 S.E.2d 98, 105 (2005) ("Marital debt, like marital property, must be specifically identified and apportioned in equitable distribution."); *Hardy v. Hardy*, 311 S.C. 433, 437, 429 S.E.2d 811, 813 (Ct. App. 1993) ("In the equitable division of a marital estate, the estate which is to be equitably divided by the family court judge is the net estate, i.e., provision for the payment of marital debts must be apportioned as well as the apportionment of property itself.").

---

[1] We combine Husband's second and third issues.

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.