**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terri Sciarro, Appellant,

v.

Matthew Sciarro, Respondent.

Appellate Case No. 2022-001391

———————

Appeal From Charleston County
Ernest J. Jarrett, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-355
Submitted October 2, 2023 – Filed November 1, 2023

———————

**AFFIRMED**

———————

Chris Paton, of Chris Paton, LLC, of Charleston, for Appellant.

Adam Owensby, of Carolina Firm, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** Terri Sciarro (Mother) filed this action against Matthew Sciarro (Father) seeking custody and visitation modification. Mother appeals the family court's order, arguing the family court erred in (1) failing to find a change of circumstances sufficient to modify custody and visitation; (2) failing to find it was in the best interests of the children to award her sole custody; (3) refusing to

qualify the Guardian ad Litem (GAL) as an expert witness; and (4) awarding Father attorney's fees.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  Taking our own view of the preponderance of the evidence, we find the family court did not apply the law in an overly strict manner and did not err in finding no substantial change in circumstances.  *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court judge in making credibility determinations." (footnote omitted)); *id.* (providing the appellate court will affirm the family court's factual findings unless the appellant satisfies his burden of showing the preponderance of the evidence is against the family court's findings);  *Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) ("In order for a court to grant a change in custody, there must be a showing of changed circumstances occurring subsequent to the entry of the [custody order]."); *id.* ("A change in circumstances justifying a change in the custody of a child simply means that sufficient facts have been shown to warrant the conclusion that the best interests of the children would be served by the change." (quoting *Stutz v. Funderburk*, 272 S.C. 273, 278, 252 S.E.2d 32, 34 (1979)); *Shirley v. Shirley*, 342 S.C. 324, 330, 536 S.E.2d 427, 430 (Ct. App. 2000) ("[T]he change of circumstance relied on for a change of custody must be such as would substantially affect the interest and the welfare of the child, not merely the parties, their wishes or convenience." (alteration in original) (quoting *Sharpe v. Sharpe*, 256 S.C. 517, 521, 183 S.E.2d 325, 327 (1971))).

2.  After our own review of the evidence, we hold the family court did not err in refusing to find it was in the children's best interests to award Mother sole custody. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (explaining "the proper standard of review in family court matters is de novo"); *Brown v. Brown*, 362 S.C. 85, 90, 606 S.E.2d 785, 788 (Ct. App. 2004) ("The paramount and controlling factor in every custody dispute is the best interests of the children."); *Housand v. Housand*, 333 S.C. 397, 405 n.5, 509 S.E.2d 827, 832 n.5 (Ct. App. 1998) ("When determining whether a change of circumstance has been established in a custody case, the issue is whether the evidence, *viewed as a whole*, establishes that the circumstances of the parties have changed enough that the best interests of the children will be served by changing custody.").

3.  We hold the family court did not err in failing to qualify the GAL as an expert witness.  *See Edwards v. Edwards*, 384 S.C. 179, 186, 682 S.E.2d 37, 41 (Ct. App. 2009) ("Generally, the family court has the discretion to determine whether a

witness has qualified as an expert, and whether his opinion is admissible on a fact in issue."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *Shainwald v. Shainwald*, 302 S.C. 453, 457, 395 S.E.2d 441, 444 (Ct. App. 1990) ("A guardian ad litem is a representative of the court appointed to assist it in properly protecting the interests of an incompetent person."); *id.* ("[T]he extent to which a guardian ad litem is permitted to testify and give an opinion or recommendation in a child custody case is left to the sound discretion of the trial judge."); S.C. Code Ann. § 63-3-830(A)(1) (2010) ("The responsibilities and duties of a guardian ad litem [are statutorily prescribed and] include, but are not limited to . . . representing the best interest of the child."); S.C. Code Ann. § 63-3-830(A)(2) (2010) (explaining the typical guardian's role in a custody case is to "conduct[] an independent, balanced, and impartial investigation to determine the facts relevant to the situation of the child and the family"); S.C. Code Ann. § 63-3-830(A)(6) (2010) (prohibiting a guardian from including "a recommendation concerning which party should be awarded custody" in a final written report "unless requested by the court").

4.  We find the family court did not err in awarding Father attorney's fees and requiring Mother to pay more than half of the GAL's fees.  *See Srivastava v. Srivastava*, 411 S.C. 481, 489, 769 S.E.2d 442, 447 (Ct. App. 2015) (requiring a family court to consider the following in determining whether to award attorney's fees and costs: "(1) each party's ability to pay his or her own fee; (2) the beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the fee on each party's standard of living" (quoting *Farmer v. Farmer*, 388 S.C. 50, 57, 694 S.E.2d 47, 51 (Ct. App. 2010))); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (explaining the family court, in determining the amount of fees, must consider: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.